## RICH VS. ZEILSDORFF.

*Deed construed: Right reserved to enter and cut trees.*

A deed was of a certain piece of land "reserving *the right to cut and remove* all the pine timber or trees upon said premises; and the right is hereby reserved by the [grantor] to enter upon said lands *at any time within two years*" from the date of the deed, "*for the purpose of cutting or removing the trees or timber so reserved.*" *Held*, that the absolute right of property in the trees was not excepted out of the estate granted; but only a right reserved to enter within two years, to cut and remove the same.

APPEAL from the Circuit Court for *Waupaca* County.

Replevin, for logs. Plaintiff, in March, 1863, conveyed land to defendant, by deed containing the reservation recited in the opinion. He testifies that he cut and removed a part of the timber within the two years named in said reservation, leaving on the land 125 logs already cut, and a large amount of standing timber; that before the two years expired, defendant agreed to extend the time for a year or more; that after the two but within three years, he commenced cutting timber on the land, but was forbidden by defendant to cut or remove any more. This action was brought to recover logs cut by the parties on the land, and

which plaintiff had not removed. Defendant, in his testimony, denied that he had ever agreed to extend the time for plaintiff to cut and remove the timber.

The court gave the following instructions: "1st. The clause in the deed in terms reserving the pine and half the cedar timber on the land conveyed, is to be treated as an exception, and the absolute title of the timber remained in the plaintiff. 2d. If the logs in question were a part of the said timber, and were taken by the defendant, and found in his possession, and he refused to deliver the same to plaintiff on demand, the plaintiff is entitled to recover. 3d. If the timber was not taken off within two years, a parole license to go on and take it off would be good, and protect the plaintiff against the charge of trespass. 4th. The defendant might have given notice to the plaintiff, after the two years expired, to remove the timber, and plaintiff would have had a reasonable time to remove the same without being liable for damage."

Verdict for plaintiff; new trial denied; and from a judgment on the verdict defendant appealed.

*Hudd & Wigman*, for appellant, cited 2 Washb. on R. P., 639–45; 3 Johns., 387, 394, 400; 34 Barb., 566; *Reed v. Merrifield*, 15 Met., 155; *TenBroek v. Livingston*, 1 Johns. Ch., 357; *Hornbeck v. Westbrook*, 9 Johns., 73; 6 Me., 81.

*Myron Reed*, for respondent, contended that the clause " reserving the right to cut and remove," etc., created an exception out of the property granted as expressed by the general terms of the deed; while the clause following that is a distinct *reservation*, defining the time within which plaintiff, without committing a trespass, might enter on the land to remove the timber " so reserved," *i. e.*, reserved or excepted out of the grant by the former clause. 1 Kern., 321; 1 Barb., 399; 5 Denio, 599; 5 N. Y., 38; 21 Wend., 393; 2 id., 517. The right to the possession of a chattel

may be complete, although there may be no right in the owner to enter on the land where it is, to remove it. 4 Denio, 425; 20 Johns., 29. See also 11 Conn., 525; 24 Me., 118.

COLE, J. This case must turn entirely upon the construction which is placed upon a clause in the deed of warranty, dated March 13th, 1863, given by the plaintiff as grantor to the defendant as grantee. The deed was for the consideration of $225, and conveyed " all that certain piece or parcel of land, situated, lying and being * * *, reserving *the right to cut und remove* all the pine timber or trees upon said premises, and one-half of all cedar trees upon said premises; and the right is hereby reserved by the party of the first part to enter upon said lands at any time *within two years next succeeding the date of *this instrument, for the purpose of cutting and removing the trees or timber so reserved.*"

The question now is, Did the grantor, by this language, reserve only the right to cut and remove so much of the timber upon the land conveyed as he might cut and remove within two years from the date of the deed? Or did he reserve to himself the absolute ownership of the timber, and merely fix or limit the time it would be lawful for him to enter upon the premises for the purpose of taking off the timber so reserved? The defendant contended that the former construction was the proper one to be placed upon the clause of the deed just cited, and accordingly asked the circuit court to instruct the jury that the conveyance conveyed an estate in fee to the defendant, with the right of plaintiff to cut and remove all the pine timber thereon, and one-half of the cedar, within two years from the date of the deed; and that if not cut and removed within that time, the reservation or exception lapsed, and the estate became absolute in the defendant. The court refused to give this instruction,

but charged the jury, among other things, that the clause in the deed in terms reserving the pine and half of the cedar timber on the land conveyed, is to be treated as an exception, and the absolute title of the timber remained in the plaintiff. Was this construction of the deed by the court correct?

Judge SELDEN, in *Craig v. Wells*, 11 N. Y., 315–321, in speaking of the distinction between an exception and a reservation in a conveyance, says: " Although these terms are frequently used as substantially synonymous, yet they are in reality different. Perhaps the difference cannot be better stated than in the words of Shepard. He says: ' A reservation is a clause in a deed, whereby the grantor doth reserve some *new thing* to himself out of that which he granted before. This doth differ from an exception, which is ever a part of the thing granted, and of a thing *in esse* at the time ; but this is of a thing newly created or reserved out of a thing demised that was not *in esse* before.' (Shep. Touch., 80). It will be seen, therefore, that a reservation is always of something taken back out of that which is clearly granted; while an exception is some part of the estate not granted at all. A reservation is never of any part of the estate itself, but of something issuing out of it, as, for instance, rent, or some right to be exercised in relation to the estate ; as to cut timber upon it. An exception, on the other hand, must be a portion of the thing granted, or described as granted, and can be of nothing else; and must also be of something which can be enjoyed separately from the thing granted. Shep. Touch., 77–78; *Cunningham v. Knight*, 1 Barb. (S. C.), 399; *Starr v. Child*, 5 Denio, 599."

Substantially the same language is used by Chief Justice TENNEY, in *State v. Wilson*, 42 Maine, 9–21, where he says: " Exception is always a part of a thing granted, and of a thing in being; and a reservation is of a thing not in being,

but is merely created out of lands and tenements devised; though exception and reservation have often been used promiscuously."

In giving a construction to this clause of the deed, we must ascertain, if possible, the intention of the parties to the instrument. And we think that the intention manifestly was, to reserve only the right to cut and remove so much of the timber upon the land conveyed as the grantor might remove within two years from the date of the deed. It will be noticed that the reservation is of the right to cut and remove the timber upon the land—that is, a new right derived from the estate granted, and hence it falls fully within the definition of a reservation above given. For when the land was conveyed, and this right to cut and remove the timber was reserved, that right, in the sense of the law, became a new thing, separate from the right of the grantee in the premises. In some of the cases, the timber itself is reserved; and the courts hold that this is strictly an exception, since it is a part of the realty, or a part of the estate, and would have passed to the grantee but for the exception. The property in the timber continues in the grantor with the right in so much of the soil as is necessary to sustain it. That was the language of the grant in *Howard v. Lincoln*, 13 Maine, 122; *Goodwin v. Hubbard*, 47 id., 595; and *Knotts v. Hydrick*, 12 Richardson's Law R., 314; where it was held that the timber remained the property of the grantor. In *Sanborn v. Hoyt*, 24 Maine, 118, where a tract of land was conveyed, " excepting and reserving all the buildings on said premises," the court held that the whole land described in the deed, including that under the buildings, passed to the grantees, but that the buildings became the personal property of the grantors. But those cases are readily distinguishable from the one we have before us. Here it is not the timber which is excepted from the

operation of the deed, but the right to cut and remove only so much as he may take off within the time specified in the deed. It comes fully within the principle of the cases of *Pease v. Gibson,* 6 Greenleaf, 81; and *Reed v. Merrifield,* 10 Met., 155.

But it is said, if it was the intention of the parties merely to reserve to the grantor the right to go upon the land and take off the timber standing thereon for two years, then the last clause of the reservation is wholly unnecessary. But this is a mistake. The proper office of that clause was to fix the time within which the grantor must exercise the right reserved. In the first clause of the reservation no time was specified. But the parties provided by the subsequent language, that the right to cut and remove the timber might be exercised for the period of two years, after the expiration of which time the right lapsed.

But further, it is said that within the two years, the time limited for removing the timber, the defendant agreed that the plaintiff might get the timber off the next winter, or whenever he chose, and therefore that the defendant is now estopped from insisting that the right is lapsed. It is claimed that the doctrine of estoppel *in pais* applies to the case. But the defendant testified that he never gave a longer time than two years. Now, assuming that such an agreement would be valid as a parol license—a point we do not decide—still it is obvious that whether an agreement of this kind was made or not was a proper question to be submitted to the jury upon the evidence. In the present attitude of the cause, we certainly cannot determine whether the license would be irrevocable, or prevent the right to remove the timber from terminating or not. The jury must find, under proper instructions, that such a license existed, and the terms of such license, before this question can arise. We think the court erred in refusing to give the

instructions asked by the defendant, and in giving the one already noticed.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.