## MARTIN vs. GILSON and another.

DEED CONSTRUED.  *Right reserved to enter, cut and remove trees, not reservation of property.   Trover will not lie against grantee for cutting such trees.*

By the terms of his deed of certain land, plaintiff "reserves to himself, his heirs and assigns, the right to cut and remove all the pine, white oak and basswood, and one-half the red oak, from said land, at any time before" a day named. *Held*, that, as the deed does not *except* the wood from the grant, but merely reserves the right to cut it, plaintiff cannot maintain trover for timber (or its products) cut by his grantee upon the land before the expiration of the time limited.  *Rich v. Zeilsdorff*, 22 Wis., 544, followed; and *Tyson v. McGuineas*, 25 id., 566, distinguished.

APPEAL from the Circuit Court for *Brown* County.

The complaint of *Martin* alleges, that, on a day named, he was the owner and entitled to the immediate possession of certain pine logs, spiles, etc., which defendants *Gilson* and *Severance* being in possession of, unlawfully converted, etc.   Answer, a general denial, etc.   On the trial, to show his right to the possession and ownership of the property, the plaintiff offered in evidence a deed of certain land executed by himself and wife to *Severance*, one of the defendants, which contained the

following reservation: "Said *Peter Martin* reserves for himself his heirs and assigns, the right to cut and remove all the pine, white oak, basswood and one-half the red oak from said land at any time before February 1, 1874." The plaintiff's evidence showed that the timber so reserved had been cut, removed and sold by *Severance* and *Gilson* after the execution and delivery of the deed, and prior to February 1, 1874, while *Severance* was in possession of the land under the deed.

Nonsuit was ordered on the ground that trover will not lie where there is not an absolute right of the property; that the plaintiff has no property in the trees nor possession; that the deed gave the right to acquire property in the logs, but does not give the property. The plaintiff appealed.

*Hudd & Wigman*, for appellant, argued, that by the conveyance to *Severance* the right or title to the timber did not pass until after February 1, 1874. Trover will lie for cutting down and removing the timber of another. *Tyson v. McGuineas*, 25 Wis., 656, and cases there cited. A deed of standing timber is a conveyance of an interest in land. *Strasson v. Montgomery*, 32 Wis., 52. A sale of standing trees is complete, although the property remains to be removed thereafter, if such be the apparent intent. If so, trover will lie for converting the same before it comes to the actual possession of the purchaser. *Riddle v. Varnum*, 20 Pick., 280; *Macomber v. Parker*, 13 id., 175; *Phillips v. Bristolli*, 2 Barn. & Cress., 54; *Rugg v. Minett*, 11 East, 211; *Barrett v. Goodard*, 3 Mason, 110; Bouvier's Inst., 668; 1 Chit. Pl., 150. The title to the trees vested in *Martin* alone until February 1, 1874, and he alone was entitled to cut and remove the same. 2 Kent. Com., 496. *Crawford v. Smith*, 7 Dana, 59. And for conversion this action will lie. *Reed v. Merrifield*, 10 Met., 155; *Seaver v. Bradley*, 6 Greenl. (Me.), 61; *Howard v. Lincoln*, 13 Me., 122; *Boisaubin v. Reed*, 2 Keyes, 323.

*Neville, Tracy & Neville*, for respondent, to the point, that a reservation of a right to enter and cut timber does not reserve

to grantor title in timber, but is a mere reservation of right to enter and cut, cited *Boisaubin v. Reed*, 2 Keyes, 323 ; *Strong v. Eddy*, 40 Vt., 547 ; *Sanders v. Clark*, 22 Iowa, 275 ; *Seaver v. Bradley*, 6 Greenl., 81 ; *Reed v. Merrifield*, 10 Met., 855 ; *Gilmore v. Wilbur*, 12 Pick., 120 ; *Rich v. Zeilsdorff*, 22 Wis., 544.

RYAN, C. J. This case is controlled by *Rich v. Zeilsdorff*, 22 Wis., 544. The court below could not have refused the nonsuit, without disregarding that decision. And we are not disposed to reconsider it. Whatever may have been the original wisdom of the distinction on which that case rests, it is now too late to question the rule.

The appellant's deed to the respondent *Severance* does not except the wood from the grant, but only reserves the right to cut it. Trover is, therefore, not the appellant's remedy. The case is not within *Tyson v. McGuineas*, 25 Wis., 656, and that class of cases.

*By the Court.* — The judgment of the court below is affirmed.