Sawyer vs. Hanson.

<hr>

SAWYER vs. HANSON.

*February 24 — March 9, 1880.*

*Reformation of deed.*

48 611
85 284

It appearing from the evidence that plaintiff agreed to sell and convey lands to defendants subject to the rights of W. and S., to whom plaintiff had sold all the pine timber on said land on condition that they should remove it within a specified time (which has not expired), and that the insertion of a clause to that effect in plaintiff's warranty deed to defendant was omitted through mutual mistake and inadvertence, the deed should be so reformed as to show that the conveyance was subject to the rights of W. and S. under said contract; but it was error to reform it by inserting an absolute reservation to plaintiff of all the pine timber on the land at the date of the deed, without fixing any time within which it should be cut and removed by plaintiff or his assigns.

APPEAL from the Circuit Court for *Clark* County.

Sawyer vs. Hanson.

Defendant appealed from a judgment in plaintiff's favor.

The appeal was submitted on the brief of *R. J. MacBride* for the appellant, and briefs of *James O'Neill* for the respondent.

TAYLOR, J.   This is an action to reform a warranty deed given by the plaintiff and respondent to the appellant, bearing date July 26, 1876, conveying to the appellant a certain tract of land therein described, without any exception or reservation whatever, and with full covenants of warranty.   The complaint alleges that the agreement between the parties was that the pine timber standing and lying upon said lands should not be conveyed to the appellant, and that by a mistake of the person drawing the deed such reservation was omitted.   The appellant denies the material allegations of the complaint.   The case was tried by the court; and upon the evidence the court finds, as a matter of fact, that the agreement between the parties was that the pine timber upon the premises should be reserved, and that the exception or reservation was not inserted in the deed, through the mutual mistake and inadvertence of the parties.   Without repeating or commenting upon the evidence given upon the trial, we have no hesitation in holding that the finding of the court below is fully and fairly sustained by the evidence; but we think the judgment makes the reservation broader than is justified by the finding or the evidence.   The judgment makes an absolute reservation of all the pine timber on the land at the date of the deed, without fixing any time within which the same shall be cut and removed by the plaintiff or his assigns.

The evidence shows that on the 9th day of July, 1873, the plaintiff sold the timber on this land for $1,250 to John Weston and Robert Schofield, with a condition that such timber should be removed within ten years from that date, otherwise said Weston and Schofield to lose all claim to said timber.   The evidence also shows that the defendant knew of this sale of the

timber before the execution and delivery of the deed to him, and that the agreement between them to reserve the timber in the defendant's deed was to protect Weston and Schofield in their claim to the timber, and to protect the plaintiff against the warranties in his deed.

The plaintiff himself testified on the trial, "It was my intention to convey to *Hanson* all the right and title I had in the land; that was the understanding between *Hanson* and myself." And again: "When I made the conveyance to *Hanson*, I intended to convey to *Hanson* all the right, title and interest I had in the land at that time." There is other evidence in the record, given by the plaintiff himself, that he did not intend to reserve to himself any interest in the land, or the timber growing thereon, after his conveyance to *Hanson*, and that the real intention of the parties was that *Hanson* should have a full title to the land and timber, subject only to the rights of Weston and Schofield under their contract with plaintiff.

Under this evidence it is clear that the plaintiff was not entitled to reserve to himself the absolute right and title to the pine on the land, but only such right to the pine as he had, by his written agreement with Weston and Schofield made in 1873, conveyed to them and their assigns. To have carried out this intention of the parties, the deed should, by the judgment of the court, have been so reformed as to have conveyed all right and title to the lands subject to the claim of Weston and Schofield to the pine timber under their contract with the plaintiff, bearing date July 26, 1873; or, if it was put in the shape of a reservation, it should have reserved to the plaintiff the same interest in the timber which he had, by his contract of July 26, 1873, conveyed to the said Weston and Schofield, and no other.

This mistake in the form of the judgment may prejudice the rights of *Hanson* under his deed. If the deed is corrected so as to carry out the intention of the parties, as clearly shown

by the evidence, then *Hanson* will take the land and timber subject only to the right of Weston and Schofield, or their assigns, to cut and remove the same within ten years from July 26, 1873; but under the deed as reformed by the judgment of the court, *Hanson* acquires no right to the pine timber, either present or contingent. See *Strasson v. Montgomery*, 32 Wis., 53, and cases cited in the opinion, and *Rich v. Zeilsdorff*, 22 Wis., 544. And although the exact question has not been decided by this court, yet it is probable that the plaintiff might permit the trees to remain on the land for an indefinite period, to the great prejudice of the defendant, *Hanson*. *Howard v. Lincoln*, 13 Maine, 122; *Goodwin v. Hubbard*, 47 Maine, 595. The judgment must therefore be reversed, and a judgment entered in conformity with the true intent of the parties.

*By the Court.* — The judgment is reversed, and the cause remanded with instructions to the circuit court to enter judgment for the plaintiff in accordance with this opinion.