GOLDEN vs. GLOCK.

*January 31 — February 20, 1883.*

*(1) Deed of timber to be removed within certain time, construed.*
*(2) What constitutes a removal.*

1. A deed of the timber standing, lying, or being upon certain premises, contained the following clause: " It is agreed and understood . . . that the timber on the south half of the [premises de-

scribed] shall be removed within one year from the date hereof, and the balance within two years." *Held*, that such deed conveyed only so much of the timber as should be removed within the time prescribed.

2. But trees cut and manufactured into stave bolts within the time limited became personal property, and were thereby removed from the premises within the meaning of the deed, and the grantee might, even after the expiration of the two years, go upon the premises and take therefrom the stave bolts so manufactured.

APPEAL from the Circuit Court for *Waupaca* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was brought in justice's court to recover six cords of red oak stave bolts, and damages for the detention of the same. The plaintiff recovered in that court and the defendant appealed to the circuit court, where the case was tried under a stipulation between the parties, upon the evidence returned by the justice, and a contract or bill of sale from Gilbert Allen, under his hand and seal, to Meiklejohn, Hatten & Co., dated and executed April 29, 1878, and duly witnessed, acknowledged, and recorded May 29, 1878, and by which Gilbert Allen, in consideration of $900 to him in hand paid, bargained, sold, granted, and conveyed to Meiklejohn, Hatten & Co., their executors, administrators, and assigns, all of the timber standing, lying, or being upon the quarter section described (except the white oak), to have and to hold the same unto the said parties of the second part therein named, their executors, administrators, and assigns, forever, with a warranty of title. And it was therein agreed and understood that the timber on the south half of the premises should be removed within one year from the date thereof, and the balance within two years. It was agreed that the plaintiff had succeeded to all the rights that Meiklejohn, Hatten & Co. had to the timber under that bill of sale, and no other or greater. The defendant claims title to the stave bolts in question under and by virtue of a deed of conveyance of the land from said Gilbert Allen and wife,

under their hands and seals, to him, duly executed, witnessed, and acknowledged, and delivered November 11, 1879, and recorded November 22, 1879. From the covenant against incumbrances in said deed, there was expressly excepted the right to go onto the land and remove the red oak and bass-wood timber on or before April 1, 1880. It was also agreed that the stave bolts in controversy were cut before the time limited in the bill of sale, but had not yet been removed from the land, and that the defendant had forbidden the removal of the same after the expiration of the time limited.

"The circuit court found that the defendant was the owner and entitled to the possession of the stave bolts, and that their value was $18, and assessed the damages of the defendant for the detention of the same at six cents. From the judgment entered thereon the plaintiff brings this appeal."

For the appellant there was a brief by *John F. Dufur*, as attorney, and *E. L. Browne*, of counsel, and oral argument by *Mr. Browne:*

The grant of the timber was not on condition, as in *Strasson v. Montgomery*, 32 Wis., 52; nor was it a reservation to be exercised within a certain time, as in *Martin v. Gilson*, 37 id., 360. There was no *proviso*. It was merely *understood and agreed* that the plaintiff might enter upon the land and remove his property within the time named. There is no hint of a forfeiture, and no intimation that the time of removal was any part or limitation of the grant. The doctrine of *Rich v. Zeilsdorff*, 22 Wis., 544, cannot be reconciled with any other theory than that the plaintiff is the absolute owner of the timber and may at any time enter upon the land and cut and remove it by paying the defendant such damages as he may sustain by virtue of such entry after the time limited. See *Cunningham v. Knight*, 1 Barb., 399; *Starr v. Child*, 5 Denio, 599; *State v. Wilson*, 42 Me., 9–21; *Howard v. Lincoln*, 12 id., 122; *Goodwin v. Hubbard*, 47 id., 595;

*Knotts v. Hydrick,* 12 Rich. Law, 314; *Jewett v. Jewett,* 16 Barb., 150. Even if the grant were upon a condition subsequent, a failure to perform would not divest the title. 4 Kent's Comm., 124; *Nicoll v. N. Y. & E. R. R. Co.,* 12 N. Y., 121; *Underhill v. Saratoga & Wash. R. R. Co.,* 20 Barb., 455. An exception is to be taken most favorably for the grantee. *Jackson v. Hudson,* 3 Johns., 375; *Jackson v. Gardner,* 8 id., 394.

For the respondent the cause was submitted on the brief of *John Fordyce.*

CASSODAY, J. The bill of sale or deed to the parties under whom the plaintiff claims, undoubtedly transferred an interest in the land. *Strasson v. Montgomery,* 32 Wis., 52; *Young v. Lego,* 36 Wis., 394; *Daniels v. Bailey,* 43 Wis., 566. By its terms it purported to give title to the timber named, to be removed within the time specified. Upon the one side it is claimed that such title continued after the expiration of the time specified, and on the other that it then terminated. Both sides invoke the decision of this court in support of their diverse contentions, and cite *Rich v. Zeilsdorff,* 22 Wis., 544; *Strasson v. Montgomery,* 32 Wis., 52; *Martin v. Gilson,* 37 Wis., 360.

In *Rich v. Zeilsdorff* the deed reserved the right to cut and remove the timber within two years, and it was "held that the absolute right of property in the trees was not excepted out of the estate granted, but only a right reserved to enter within two years, to cut and remove the same." In *Martin v. Gilson* the reservation was quite similar, and the decision was the same way.

*Strasson v. Montgomery* was more like the case here presented. In that case the defendant claimed the trees and timber under a deed executed December 4, 1866, by one Gleason to one White, whereby all the trees and timber on the land were bargained, sold, and conveyed to White, but

with this proviso: "Provided, always, and these presents are upon this express condition, that the said party of the second part shall take all of said trees and timber off of said lands within four years from this date." It also contained a covenant of warranty. Subsequently White sold and conveyed the trees and timber to the defendant. The plaintiff, on the other hand, claimed the trees and timber under and by virtue of a deed of the land to him from Gleason, executed in September, 1867, wherein Gleason had reserved to White the right to take off the timber until December, 1871. The action was for removing trees and timber in November, 1871, being after the expiration of the four-years' limitation in the deed to White, but prior to the time fixed in the reservation in the deed to the plaintiff. The court held, that notwithstanding the time fixed in the reservation in the deed to the plaintiff had not expired, yet that the defendant had no right to cut and remove the timber after the expiration of the four-years' limitation in the deed to White.

That case is substantially like this, unless the fact that the words fixing the limitation in the deed under which the plaintiff here claims, not being in the form of a proviso, as in the deed to White, makes the two cases distinguishable. After careful consideration, we are constrained to hold that the two cases are not distinguishable in principle by reason of the difference in the phraseology employed. In the deed before us it is expressly "agreed and understood" that the timber transferred "shall be removed within" the time named, and hence the grant was necessarily made upon that condition. As stated in substance in *Strasson v. Montgomery*, the legal effect of the instrument was to convey all of the trees and timber designated, which should be removed within the time prescribed, and that such as remained thereafter should belong to Allen or his grantee of the premises. Such being our construction of the deed, we must hold that under the rule adopted in *Strasson v. Montgomery* the plaintiff here

had no right to any of the trees and timber not removed from the premises prior to April 27, 1880, at which time the limitation in the deed under which he claimed expired. But here the stave bolts were cut before the time limited in the deed. The trees from which the bolts were manufactured having thus been severed from the soil prior to the expiration of the time limited, and their character essentially changed by such manufacture, so that the product became personal property, we think they were, in effect, thereby removed from the premises within the meaning of the conditions in the deed, and hence that the plaintiff, even after the expiration of the two years, had an implied right or license to go upon the premises and take therefrom the stave bolts so manufactured. Because the trial court held to the contrary, the judgment must be reversed, and the cause remanded with direction to enter the proper judgment for the plaintiff.

*By the Court.*— It is so ordered.