Burket, J.
The only question worthy of consideration in this case is, whether the verbal extension of the time within which to cut and take off the timber, is within that part of section 4199, Revised Statutes, which provides, that “No action shall be brought whereby to charge the defendant upon any contract or sale of- lands, tenement or hereditaments, or any interest in, or concerning of them, unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
That standing growing trees are part of the land, is settled in this state, by the case of Hirth v. Graham, 50 Ohio St., page 57. The written instrument in question, is clearly for an interest in the trees on the land and is concerning them, so that the transaction comes clearly within the statute, and is sufficient to authorize the defendant in error to cut and take off the trees within the time limited in the written instrument.
Whether or not the verbal extension of the time for removing, the timber is valid, depends upon considerations which will now be considered.
When a deed of conveyance of real estate is made, and the grantor excepts from the operation of the deed certain parts of the realty, the title to the excepted parts remains in the grantor, and does not pass under the deed to the grantee. In case of a reservation the whole title passes, but *303 the grantor reserves to himself some benefit growing out of the realty, as a certain amount of rent. In such case the grantee has title to the whole estate, burdened with the use reserved; while in case of an exception, the grantor retains the title to the excepted part, and the grantee takes title to the estate less the exception. In the case of an. exception or reservation, the instrument creating the exception or reservation, is signed and executed by the grantor, and usually that which binds the grantee is found in his acceptance of the instrument.
In the case under consideration, the deed to Mr. Clark for the lands, carried with it the title to the timber, and he undertook to dispose of the timber by means of the written instrument in question. It is therefore clear that the transaction was not an exception of the timber in the sale of the land; neither was it a reservation of the timber.
Mr. Clark being the owner of the timber and having the title thereto under his deed, undertook to sell the timber, the consideration being something connected with or growing out of the purchase of the land, in value, $200, as found by the circuit court. The title to the land and the possession thereof, including the trees, remained in Mr. Clark, and Mr. Sirrine had only an executory contract for the trees. Had the trees been excepted from the operation of the deed when the land was sold, the title thereto would have remained in the grantor, together with the right to cut and carry them away within the time limited in the deed. Pease v. Gibson, 6 Greenleaf, 81; Warvelle on Vendors, page 480.
In a case of the sale of the timber on lands, or in the case of an exception of the timber upon *304 conveyance of lands, the timber must be cut and removed within the time limited in the written instrument, and all that is not so cut and removed adheres in the land, freed from the sale or exception, or as expressed by some courts, lapses into the fee.
The legal effects of such contracts of sale of timber, or. exceptions of timber, is a right to only so much timber as shall be cut and taken off within the limited time.
In the ease under consideration the words are: ‘ ‘I have agreed that he shall have all the saw timber,” etc. This was a sale, the title to the trees remaining in the owner of the land until cut and converted into personalty. The right to cut and carry away, continued only, to the first day of April, 1891. On that day the trees remaining uncut, adhered in the land and lapsed into the fee, freed from the written instrument. To again bring them within the terms of sale and extend the time for another year, in which to cut and carry them away, is as clearly a contract for an interest in, and concerning- of, the trees, as was the original sale.
Extension of time is therefore within the statute, and must be in writing. Being verbal in this case, it was void and of no effect.
In the case of Pease v. Gibson, 6 Greenleaf, 81, the operative words were in effect the same as in this ease. The written instrument was as follows:
“I hereby agree to let Joseph Howard have all the pine trees fit for mill logs on my land in Brownfield, said Howard to have two years from this date to take off said timber. I acknowledge one hundred and fifty dollars for same.
“Brownfield, December 7, 1819.
“James Osgood. ”
*305 The syllabus is as follows:
“Where, the owner of land sold, by deed, all the timber trees standing thereon, and in the same deed gave to the vendee two years within which to take off the timber; it was held that this was a sale of only so,much of the timber as the vendee might take off in the two. years.; and that an entry after that period was a trespass.”
The following authorities are to the same effect: Reed v. Merrifield, 10 Metcalf, 155; Rich v. Zeilsdorff, 22 Wis., 544; Martin v. Gilson, 37 Wis., 360; Wait v. Baldwin, 60 Mich., 622.
The fact that-.both the title and possession of the trees in .question remained in the plaintiff, in error, is very important. A written contract for the sale and purchase of land, so long as possession is not .delivered to the purchaser, may be rescinded verbally, but after the. possession is delivered to the purchaser, the rescission is required to be in writing. Kelley v. Stanbery, 13 Ohio, 408 ; Jones v. Booth, 38 Ohio St., 405.
The plaintiff in error having both title and possession of the trees, an agreement to extend the time in which to take them off was an agreement for an interest in, and concerning of, the trees still standing on- the first day of April, 1891.
Such verbal extension of time, is as clearly within the statute as a verbal extension of a lease, which this court has held ,to be within the statute. Armstrong v. Kattenhorn 11 Ohio, 265; Crawford v. Wick 18 Ohio St., 190.
Such extension of time in which to . cut and carry away .the timber, is -not like an extension of time to pay a note or .mortgage. Extension of the time of payment does not concern lands o.r an interest therein.
*306 The circuit court found as its conclusion of law upon the facts found, that it would be a fraud upon the defendant in error to revoke such verbal extension of time; and that the case was therefore taken out of the statute of frauds. This is not tenable. The statute was enacted to prevent frauds and perjuries. The law-making power knew that frauds and perjuries would be practiced with or without the statute, but it was thought that less harm would come from enacting and enforcing the statute, than otherwise. The only exceptions to the statute, engrafted therein by judicial interpretation, if not by judicial legislation, that can be justly defended, are cases in which the acts of both parties are such as to imply a contract with substantially the same certainty as would be shown bv a written memorandum, as in the case of a verbal sale of lands followed by a delivery of possession to the purchaser, and valuable permanent improvements made by him with the knowledge of the vendor.
To say that to refuse to carry out a verbal purchase of standing growing trees is a fraud on part of the owner of the trees, is to disregard the statute, and in effect a repeal thereof. The defendant in error cut and removed part of the timber before the first of April, 1891, but that taking was not possession, or part performance, as to what was left on and after the first of April. The limitation as to time was as much a part of the contract as the right to take the timber. He was free to take all, 'or as much as he pleased, up to the first of April, and what he took up to that time under the terms of his contract, did not imply or in any manner tend to show that a contract had been made for further time. It might *307 ■be urged that if further time had not been promised, that he would have cut all the timber within the time limited,' but this does not follow, because many men fail to avail themselves of their full opportunities. If he relied upon the verbal extension of time, and therefore failed to cut the timber within the time, he did only what was done in Pease v. Gibson, 6 Greenleaf, 81, and yet in that ease the statute of frauds was enforced. He had no legal right to rely upon the verbal contract, and where there is no right there can be no fraud. If he intended to rely upon the extension of time he should have caused the contract therefor to be reduced to writing. The statute was enacted to protect men in their property rights and it should be enforced unless in eases clearly within some of the well established exceptions. This case comes within no such exception. The judgment of the circuit court is reversed, and judgment entered for plaintiff in error. ,

Judgment accordingly.