BRETZ, Respondent, vs. R. CONNOR COMPANY, Appellant.

*September 15—October 5, 1909.*

*Deeds: Construction: Conveyance of standing timber: Time limit on removal: Agency: Change in deed before delivery: When grantors bound.*

1. Under a deed conveying timber standing or situated on certain lands, "with the right to the" grantee "to enter upon said lands and remove said timber . . . at any time on or before" a

certain date, only such timber passes as is removed during the time specified.

2. A person intrusted with a deed for the purpose of obtaining the signatures of the grantors and making delivery for them, was clothed at least with apparent authority to close the deal on their part; and where, on his presenting the deed to the grantee, the latter objected to the date specified therein as the expiration of the time within which a corporation must remove from the land certain standing timber which the grantor had conveyed to it, and the agent thereupon changed such date to correspond with that specified in the conveyance to the corporation, the grantee had a right to rely upon the agent's apparent authority and to accept the deed as thus changed, and the grantors were bound thereby.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This action was brought to recover the value of pine timber cut and removed by the defendant from the northeast quarter of section 10, township 27, range 2 east, in Marathon county. The defendant claimed title under a deed dated May 17, 1901, which contained the following provision:

"All the merchantable log and basswood bolt timber standing or situated on west one-half of section ten (10), southeast quarter and west half of northeast quarter of section ten (10), and the west half of southwest quarter of section number eleven (11), all in township number twenty-seven (27), range number two (2) east. Also with the right to the party of the second part to enter upon said lands and remove said timber and to do such work as is necessary for removal of said timber, at any time on or before two years from April 15, 1901."

The deed of the timber to defendant was given by Edwin L. Reese, Adam Paulus, and W. D. Connor, and recorded May 20, 1901. Most of the timber was cut during the winter of 1902 and 1903, but some remained after April 15, 1903. On the 19th day of September, 1902, said Paulus,

Reese, and Connor deeded a quarter-section of this land to the plaintiff, which deed contained the following provision:

"Excepting and reserving the merchantable saw-log timber and bolts heretofore sold to *R. Connor Co.*, with the right to enter upon said land to remove said timber any time prior to April 15, 1903 (1903)."

It was claimed on the trial that the deed from Paulus, Reese, and Connor to the plaintiff had been changed after execution so as to make the right to enter upon the lands to remove the timber read, "any time prior to April 15, 1903," whereas as originally executed it read "April 15, 1904," and that such deed on its face bore evidence of the change. The case was submitted to the jury and the following verdict returned:

"(1) Was the plaintiff's deed, after being signed by Adam Paulus and Edward L. Reese, changed by W. D. Connor by changing the year '1903' to the year '1904' in the clause relating to the time for the removal of timber? *A.* No.

"(2) Did W. D. Connor consent to the change in plaintiff's deed as made by Mr. Reynolds of '1904' to '1903'? *A.* No.

"(3) Did the defendant, before entering upon the southeast quarter of section 10 to cut the timber, acquire a title to the timber in question in good faith, believing the same to be valid? *A.* Yes.

"(4) During his negotiations with Reynolds did Paulus inform Reynolds, in substance, of the extension of time to the defendant for the removal of the timber, and that such extension, in case of a sale of the lands, must be protected to the satisfaction of W. D. Connor? *A.* Yes.

"(5) Did the defendant, on and after November 1, 1903, in good faith enter upon said land and cut the timber therefrom, believing it then had a valid title thereto? *A.* Yes.

"(6) What was the true stumpage value of the timber cut by the defendant on the southeast quarter of section 10 during the fall and winter of 1903–04? *A.* $365.64.

"(7) What was the highest market value of the timber cut

on plaintiff's land, after it was manufactured into lumber at Auburndale, Wisconsin, and while in defendant's possession?    A. $1,546.25."

Both parties moved for judgment on the verdict. The court denied defendant's motion and ordered judgment for the plaintiff on the verdict for $365.64. Judgment was entered accordingly in favor of the plaintiff against the defendant, from which this appeal was taken.

For the appellant there was a brief by *Goggins & Brazeau,* and oral argument by *B. R. Goggins.*

For the respondent the cause was submitted on the brief of *L. M. Sturdevant,* attorney, and *C. B. Edwards,* of counsel.

KERWIN, J.    It is first contended by appellant that the deed conveyed an absolute title in the timber to defendant, and therefore the subsequent deed to plaintiff conveyed only the remainder of the estate. This contention is denied by respondent, and he insists that only such timber as was removed before April 15, 1903, passed to defendant by the deed to it. Both parties rely upon the same authorities to sustain their respective positions under this head. The question is an important one and not free from difficulty, if we should regard it unsettled in this state. There is much conflict of authority in other jurisdictions, and much force in the position of appellant to the effect that the deed to defendant conveyed an absolute title to the timber described in the deed and not such as should be removed within the two years specified. The court, however, is forced to the conclusion that, under the settled doctrine in this court, by a conveyance of timber similar to the one in the deed to defendant only such timber passes by the deed as is removed during the time specified in the deed. *Golden v. Glock,* 57 Wis. 118, 15 N. W. 12; *Hicks v. Smith,* 77 Wis. 146, 46 N. W. 133; *Williams v. Jones,* 131 Wis. 361, 111 N. W. 505; *Peshtigo L. Co. v. Ellis,* 122 Wis..

433, 100 N. W. 834; *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277.

In September, 1902, the defendant's grantors, Paulus, Reese, and Connor, conveyed to the plaintiff a quarter-section of the land covered by the deed to defendant on which some of the timber mentioned in the deed to defendant remained uncut. This deed contained the clause set out in the statement of facts. After the deed to plaintiff had been signed by Paulus and Reese it was presented to Connor for signature, and he insisted that the clause for removal read "April 15, 1904," instead of "April 15, 1903," and when signed by Connor it read April 15, 1904. One Reynolds and others associated with him negotiated the sale to plaintiff. When the deed was presented for delivery plaintiff objected to the clause respecting removal of the timber to April 15, 1904, and Reynolds thereupon changed it so as to read April 15, 1903. The jury found that Connor never consented to this change, although it appears that Reynolds called him by phone and informed him of the request of plaintiff, and that Connor made no reply, except said "Well," and hung up the receiver. It further appears from the evidence that it was understood between defendant and its grantors that defendant should have further time to remove the timber conveyed than that specified in its deed. It does not appear, however, that when plaintiff accepted his deed he had knowledge of this agreement, but understood he was getting a deed subject only to the provisions of the deed to defendant, with the reservation to enter and remove the timber mentioned before April 15, 1903.

Now the question arises whether plaintiff was bound by the time limit of 1904. He accepted the deed as changed by Reynolds, making the removal period to expire April 15, 1903, and paid the consideration on the faith of such conveyance. It is vigorously contended by counsel for appellant that Reynolds was not the agent of Connor in making

the change from April 15, 1904, to April 15, 1903, and that the grantors were not bound thereby; while on the other hand it is insisted by respondent that Reynolds was the agent of the grantors, and that plaintiff had the right to rely upon the terms of the deed as finally delivered by Reynolds, and that the transaction was closed and the consideration paid on the faith of such deed. It is without dispute that Reynolds was intrusted with the deed for the purpose of obtaining the signatures of the grantors and making delivery for them. So he was clothed at least with apparent authority to close the deal on the part of the grantors. This being so, the plaintiff, grantee, had a right to rely upon such apparent authority and pay the consideration on the terms of the deed thus delivered.

No attempt was made on the part of either party to rescind or repudiate the transaction as closed. We think, under the circumstances of the case, the grantors were bound by the change to 1903 as made by Reynolds. It is established that the timber in question was cut by defendant after the time for removal had expired, namely, after April 15, 1903.

Many other questions are argued by counsel, but in the view we take of the case discussion of them seems unnecessary. It follows from what has been said that the judgment below is right and must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.

BARNES, J., took no part.