Kneeland-McLurg Lumber Company, Appellant, vs. Lillie, Respondent.

*February 24—March 17, 1914.*

*Trespass: Unoccupied land: Proof of title: Conveyance of standing timber: Wrongful cutting: Damages: Appeal: Harmless error.*

1. If the plaintiff in an action for trespass on land was not in possession he must prove his title; and a trespasser on unoccupied land can be made to respond in damages to the owner only.
2. A written contract whereby the owner of land granted the right to buy, cut, and remove standing timber thereon, and the grantee agreed to buy, cut, and remove such timber within a certain time and to pay a certain purchase price for the right granted, was, when executed and the purchase price paid, a conveyance of the title to the standing timber and hence a conveyance of an interest in land; and a transferee of the interest of such grantee was entitled to maintain an action under sec. 4269, Stats., against one who wrongfully cut the timber. *Bretz v. R. Connor Co.* 140 Wis. 269; *Golden v. Glock,* 57 Wis. 118, and other cases, distinguished.
3. A judgment will not be reversed because the damages recovered by the appellant were fixed upon a wrong theory, if they are as large as they would have been had they been assessed upon the proper basis.

Appeal from a judgment of the circuit court for Price county: G. N. Risjord, Circuit Judge. *Affirmed.*

This is an action of replevin to recover lumber cut from

logs claimed to have been owned by plaintiff when the alleged trespass was committed. The jury returned the following verdict:

"(1) Was the plaintiff the owner of the timber upon the land upon which the trespass involved in this action was committed at any time prior to the time of such trespass as contemplated and provided by section 4269 of the Revised Statutes, or was he the licensee of the owner of the land? A. (by the court). The licensee of the owner.

"(2) Was the plaintiff the owner and lawfully entitled to the possession of the lumber manufactured from timber cut upon the trespassed land at the time of the commencement of this action? A. (by the court). Yes.

"(3) Did the defendant wrongfully take and detain said lumber? A. (by the court). Yes.

"(4) What was the total amount of each kind of lumber manufactured by the defendant from timber cut from the trespassed land? A. (by the court). Hemlock, 130,000 feet; basswood, 18,440 feet; birch, 38,850; maple, 3,916 feet; elm, 11,500 feet.

"(5) Was the cutting of the timber from which the lumber in question was manufactured done by mistake? A. Yes.

"(6) What was the true stumpage value of the timber cut by the defendant upon the trespassed land in February, 1911? A. $417.64.

"(7) What was the highest market value of the lumber manufactured from the timber taken by the defendant from the trespassed land at any time in the possession of the defendant? A. $2,871.32.

"(8) What was the total value of the lumber at the Zapfe mill manufactured from timber cut by the defendant's contractor Brockman, from section 29, at the time this action was commenced, to wit, October 17, 1911? A. $2,465.81.

"(9) What amount did the defendant, *Lillie,* necessarily and reasonably disburse in cutting such timber and manufacturing same into lumber? A. $1,927.97."

The action was commenced by the John R. Davis Lumber Company October 17, 1911, and its interest prior to the trial below transferred to the plaintiff for value. Defendant of-

fered judgment for $466.40 which was not accepted. Judgment was entered upon the verdict in favor of the plaintiff for $537.84, that is for the amount found by the jury in answer to question No. 8 of the special verdict, less the amount found by the jury by answer to question No. 9, and interest from the commencement of this action, from which judgment this appeal was taken by the plaintiff. The questions discussed are properly raised by the record.

For the appellant there were briefs by *Barry & Barry,* attorneys, and *Paul D. Durant,* of counsel, and oral argument by *Mr. Durant.*

For the respondent the cause was submitted on the brief of *W. K. Parkinson.*

Kerwin, J. There are really but two questions which require treatment upon this appeal: (1) Was the plaintiff the owner or licensee of the timber in question? and (2) Was the trespass committed by mistake?

1. The court, having found that the plaintiff was a mere licensee, ordered judgment for the total value of the lumber at the mill at the time of the commencement of this action manufactured from timber cut by defendant on the land in question, $2,465.81, less the amount necessarily and reasonably disbursed in cutting such timber and manufacturing it into lumber, namely, $1,927.97, leaving a balance of $537.81, for which sum, with interest and costs, judgment was entered. The court ordered judgment under the rule laid down in *Keystone L. Co. v. Kolman,* 94 Wis. 465, 69 N. W. 165, in which case the plaintiff was a licensee. A different rule of damages obtains under sec. 4269, Stats., where the person suing for trespass is the owner of or has an interest in the land from which the timber was cut.

It is strenuously urged here by respondent that the plaintiff was not the owner of the standing timber because it showed no title to the land, therefore it is claimed it cannot

recover in replevin or trespass.    Several cases in this court
are relied upon on this point, mainly *Bretz v. R. Connor Co.*
140 Wis. 269, 122 N. W. 717; *Golden v. Glock,* 57 Wis. 118,
15 N. W. 12; *Hicks v. Smith,* 77 Wis. 146, 46 N. W. 133;
*Peshtigo L. Co. v. Ellis,* 122 Wis. 433, 100 N. W. 834.    We
do not think the case before us is ruled by the foregoing
cases.    They turn on the terms of the instruments conveying
the right to cut and remove the timber.

   In the *Bretz Case* the deed limited the right to cut and re-
move the timber to two years from April 15, 1901, and it was
held that only such timber passed as was removed during the
time specified.

   In *Golden v. Glock, supra,* and other cases in this court
under similar provisions limiting the time to cut and remove
the timber, the same rule is laid down.    But as we shall
show, the cases relied upon by respondent do not rule the in-
stant case.

   True, when plaintiff in an action for trespass on land is
not in possession he must prove title; and a trespasser on
unoccupied land can be made to respond in damages to the
owner only.    *Knapp v. Alexander-Edgar L. Co.* 145 Wis.
528, 130 N. W. 504.    It is not claimed that there is any
flaw in the plaintiff's title here except it be in the contract be-
tween the Wisconsin Central Railway Company and the John
R. Davis Lumber Company, through which the plaintiff
claims.    By the terms of this contract, in writing, the John
R. Davis Lumber Company was given the right to buy, cut,
and remove certain designated timber from certain lands of
the Wisconsin Central Railway Company, and to pay there-
for within a specified time the sum of $120,000.    This con-
tract, among other things, provided:

   "Upon the terms hereafter stated, the railway company
hereby grants unto the lumber company the right, during the
term ending on December 31, A. D. 1914, to buy, cut and
remove all the pine, hemlock and hardwood saw timber and

all cedar and spruce now standing and being upon the lands of the said railway company, situated in said townships thirty-seven (37) and thirty-eight (38) north, of ranges two (2) and three (3) east, of the fourth principal meridian, more particularly described in the schedule thereof, hereunto annexed and made part hereof, marked Exhibit 'A.'

"In consideration of the premises the lumber company hereby covenants and agrees that it will buy, cut and remove all said pine, hemlock and hardwood saw timber and all cedar and spruce aforesaid during the term ending December 31, 1914, and hereby agrees to pay to the railway company as purchase price of and for the right granted to it in and by the next preceding section, the sum of one hundred and twenty thousand dollars ($120,000) . . ."

This contract was fully executed and the full consideration of $120,000 paid. So the title to the timber described in the contract passed to the lumber company, and the plaintiff claims through said lumber company. This contract was not merely a contract to cut and remove within a specified time as in the *Bretz Case* and others referred to, but a contract to buy the timber, including the standing timber in suit. There are other provisions in the contract respecting the shipment of forest products over the road of the Wisconsin Central Railway Company, to go upon the lands of the railway company, establish logging camps and build logging roads, but these provisions are not material here. It is clear that the contract giving the John R. Davis Lumber Company the right to buy the described timber for a specified sum, when executed and the purchase price paid, passed the title to the standing timber to the John R. Davis Lumber Company, and a conveyance of standing timber is a conveyance of an interest in land. *Williams v. Jones,* 131 Wis. 361, 111 N. W. 505; *Bent v. Hoxie,* 90 Wis. 625, 64 N. W. 426; *Bardon v. McCall,* 108 Wis. 181, 84 N. W. 168; *Lillie v. Dunbar,* 62 Wis. 198, 22 N. W. 467.

The word "land" or "lands" includes lands, tenements, and hereditaments and all rights thereto and interests therein.

Sec. 4971, Stats.    The plaintiff being the owner of the timber with an interest in the land was entitled to maintain an action under sec. 4269, Stats.    *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121; *Jones v. Costigan,* 12 Wis. 677.

2. It is further contended by counsel for appellant that the finding of the jury to the effect that the trespass was done by mistake is not supported by the evidence.    The mistake referred to in sec. 4269, Stats., means an unintentional act, where ordinary care is exercised.    *Webber v. Quaw,* 46 Wis. 118, 49 N. W. 830; *Brown v. Bosworth,* 58 Wis. 379, 17 N. W. 241.    The question, therefore, under this head is whether the defendant used ordinary care and diligence in locating the boundary line and in not cutting over it.    The court fairly instructed the jury upon this proposition, and if there is evidence to show that ordinary care and prudence were exercised by the defendant, then the finding of the jury must be sustained.    We have carefully examined the evidence and are satisfied that under the repeated decisions of this court the verdict of the jury cannot be disturbed.

3. The plaintiff being the owner of the timber was entitled to the damages prescribed by sec. 4269, Stats., where the cutting was done by mistake; but since the damages recovered are as large as they would have been had they been assessed under the statute, sec. 4269, the plaintiff is not prejudiced, hence has no cause for complaint under this head.    It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.