JESSE B. CLARK v. INGRAM-DAY LUMBER COMPANY.

[43 South., 813.]

TIMBER. *Deed. Time limit.*

> The grantee in a deed conveying timber and giving a limited time to remove the same, has no right after the expiration of the time to enter upon the land even to remove logs previously cut.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

The lumber company, the appellee, was plaintiff in the court below; Clark, the appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The facts are fully stated in the opinion of the court.

*W. G. Evans,* and *H. Bloomfield,* for appellant.

The appellee had no right of action against the appellant for the reason that the controlling clause in the timber lease plainly means what it expressly declares, which clause is couched in the following words:

"It is further agreed to give the Gulf Coast Lumber Company three years to remove the saw logs from the above described land, from the 21st day of July, 1903"; therefore the

time expired on the 21st day of July, 1906, and the proposition contended for by appellees that under the lease appellees had the right to remove the saw logs after the 21st of July, 1906, or to claim any property in them is utterly untenable.

There is nothing more certain than that the three years clause mentioned in the timber lease, fixes by a contract the expiration of the right of appellee to remove the saw logs from the land.

It is well settled that "The intention must prevail." *Robinson* v. *Payne,* 58 Miss., 692; *Hall* v. *Eastman, etc., Co.,* 89 Miss., 588; s.c., 43 South., 2.

*Money & Graham,* for appellee.

The right of appellee to remove personal property consisting of logs cut and manufactured from the land before the time expired, after July 21, 1906, is quite different from the right and title in the logs themselves cut on the land that date. *Hoit* v. *Stratton Mills* (N. H.), 20 Am. Rep., 124.

We think counsel mistake the holding of this court in the *Hall* v. *Eastman* case, 89 Miss., 588, s.c., 43 South., 2. There was an express provision in that deed that it should be null and void at the expiration of the time mentioned therein, which the court declared was the controlling provision in the instrument, and that no question of forfeiture was involved in the case; beyond the question just stated there was no other in the case except to decide that the grantee in that deed should commence cutting within a reasonable time, the parties not having provided for it. There is no analogy between the instruments in that case and this, *a priori,* none between the points involved in the two. If the court in that case intended to express any opinion or leaning upon the questions involved in this case, by the citations therein of the cases from Minnesota, *Mathews* v. *Mulvey,* Maine, *Pease* v. *Gibson,* Michigan, *Ferguson* v. *Arthur,* Georgia, *McRae* v. *Stillwell, Perkins* v. *Peterson,* we call attention to the later cases

from the same states in favor of our contention, to-wit: *Alexander v. Bauer* (Minn.), 102 N. W. 387; *Erskine v. Savage* (Maine), 51 Atl., 242; *Hodges v. Buell* (Mich.), 95 N. W., 1078; *Johnson v. Truitt* (Ga.), 50 S. E., 135; *Null v. Elliott* (Ga.), 43 S. E., 173.

There is a line of strong authorities in Indiana, New Hampshire, New Jersey, Michigan, Pennsylvania and Alabama, holding in construing conveyances of standing timber not materially distinguishable from the one at bar, that the title to the timber conveyed is absolute, and remains in the grantee, even as to the standing timber, or trees, after the time limit mentioned in the instrument has passed—though without legal right in the grantee to enter the close of the grantor to take and remove the trees left standing on the land without objection himself to such damages as he might cause should he do so. And while it is possibly not necessary for the court here to hold to the extent these cases have gone, in this case, yet the cases below are cited separately to call the court's attention to the middle ground occupied by appellee in the case at bar, and we believe that there will hardly be found a case wherein, under the same facts and instruments that we have here, it is held against appellee's position. The cases above referred to are the following: *Halstead v. Jessup* (Ind.), 49 N. E., 821; *Hoit v. Stratton Mills* (N. H.), 54 N. H., 109, 20 Am. Rep., 119; *Irons v. Webb* (N. J.), 41 N. J. Law, 203, 32 Am. Rep., 193; *Hodges v. Buell* (Mich.), 95 N. W., 1078; *Bennett v. Victor Lumber Co.*, 28 Pa. Sup. Ct., 495; *Magnetic Ore Co. v. Marbury* (Ala.), 104 Ala., 465, 16 So., 636, as construed in *Zimmerman Mfg. Co. v. Daffin*, 42 So., 858 (Ala.)

The leading case cited adversely to the views announced in *Zimmerman Mfg. Co. v. Daffin, supra,* is the early case of *Pease v. Gibson,* 6 Me., 81, construed in *Webster v. Proctor,* 36 Atl., 631, by the supreme court of Maine in 1896, which uses language as follows:

90 Miss.—31

"In that case there was a sale under seal of all pine trees fit for mill logs on certain land, the vendee to have two years from date to take off said timber. It is contended that there is an absolute sale of all timber on the land, and not merely of such as the vendee should get off during the two years, and that the limitations to that term of time was only an indication of the period within which he might enter and carry away timber without the payment of damages. But the court held that it was a sale of only so much of the timber as the vendee should cut and remove within the two years."

In *McIntire* v. *Bernard,* 1 Sand. Ch., 52 (Me.), decided upon the authority of *Pease* v. *Gibson,* there was a grant of all the pine timber standing and lying on a certain tract of land, with the right of entering upon the land until a certain date to cut and remove the timber. It was held that the grantee had no right nor interest in the standing pine timber after that date, and must account for all cut and removed thereafter.

In *Donworth* v. *Sawyer* (Me., 1900), 47 Atl., 521, which was a case in trover, it is said:

"In this state and some others, the conveyance of growing trees to remain alive upon the land, and to be cut in the future, is a conveyance of an interest in land that may nourish and support the growth conveyed. The trees became chattels only when severed from the soil. Until then they are a part of it." Citing *Dunn* v. *Burleigh,* 62 Me., 24; *Hoit* v. *Stratton Mills,* 54 N. II., 109; *Howe* v. *Bachelor,* 49 N. H., 204; *Pulmer* v. *Prescott,* 43 N. H., 277; *Heflin* v. *Bingham,* 56 Ala., 566; *Clap* v. *Draper,* 4 Mass., 2666; *White* v. *Foster,* 102 Mass., 375.

It is further said in said case:—

"It is not, as before said, a strained construction to hold that ordinarily a grant of growing timber to be construed most favorably to the grantee, conveyed the growth named, with its increase, until the time for removal shall have elapsed. This

seems to be the view taken in *Pease* v. *Gibson,* 6 Greenl., 81, although other questions were decided."

In *Emerson* v. *Shore,* 49 Atl. (Me.), 1051, decided in 1901, the same doctrine is announced as that stated in *Erskine* v. *Savage,* 51 Atl., 242 (Me., 1901), as follows:

"It is settled law in this state that a sale by parol, of growing wood, with the right to enter upon the land to cut and remove the trees within a specified time, is an executory contract merely, for the sale of the wood after it has been severed from the soil, with a license to enter upon the land for the purpose of cutting and removing it; that the rights of the parties rest wholly in contract; that the wood remains a part of the real estate until severed; that until it is severed the title does not pass to the vendee; and that as soon as severed, within the period limited, it becomes personal property and the title then vests in the vendee. It is also settled that, if it is not severed until after the expiration of the period, title does not pass to the vendee; but in such case, if he enters to sever or remove it, he becomes a trespasser."

The Case of *Pease* v. *Gibson,* with a number of others, is cited, and it will therefore be seen that while the case of *Pease* v. *Gibson* may be considered as holding contrary to the cases above cited by use, it is not against our contention in this case that the timber, having been severed from the soil by the appellee within the period mentioned in the Cowart deed, had become its property by converting the same into personalty.

The question at bar is not as to standing timber, however, but to the logs in controversy in this suit, which were cut down and manufactured into saw logs by appellee before July 21, 1906.

Cutting the trees from the land and converting them into saw logs constitutes a "removal" within the terms of the deed. *Macomber* v. *Detroit L. & N. R. Co.* (Mich.), 66 N. W., 376; *Hodge* v. *Buell,* 95 N. W. (Mich.), 1078; *Golden* v. *Glock* (Wis.), 15 N. W., 12; *Hicks* v. *Smith* (Wis.), 46 N. W., 133.

And they became appellee's property. *Heard* v. *James,* 49 Mass., 236.

The title has never been divested out of appellee, unless the expiration of the three years' provision in the deed divests it. That provision is totally unlike the provision in the instrument in the case of *Hall* v. *Eastman, Gardiner & Co., supra,* as before stated.

That the title has never divested out of appellee as to said logs, is fully sustained by the following authorities: *Pulmer* v. *Prescott,* 43 N. H., 277 (N.. H.); *Hoit* v. *Stratton Mills,* 20 Am. Rep., 119 (N. H.); *Iron* v. *Webb,* 32 Am. Rep., 193 (N. J.); *Alexander* v. *Bauer,* 102 N. W., 387 (Minn.); *Hodges* v. *Buell,* 95 N. W., 1078 (Mich.); *Macomber* v. *Detroit L. & N. R. Co.,* 66 N. W., 376 (Mich.); *Golden* v. *Glock,* 15 N. W., 12 (Wis.); *Halstead* v. *Jessup,* 49 N. E., 821 (Ind.); *Erskine* v. *Savage,* 51 Atl., 242 (Me.); *Johnson* v. *Truitt,* 50 S. E., 135 (Ga.); *Giles* v. *Simmonds,* 15 Gray, 44, 77 Am. Dec., 373 (Mass.), and especially *Zimmerman Mfg. Co.* v. *Daffin,* 42 South., 358 (Ala.). This is the latest case we have been able to find on this subject.

The decisions like *Pease* v. *Gibson, supra, Williams* v. *Flood,* 63 Mich., 487, 30 N. W., 93, seem to have been determined on the doctrine of *ab inconvenienti. Hoit* v. *Stratton Mills, supra, Zimmerman Mfg. Co.* v. *Daffin, supra.*

Many of the earlier cases held that the covenant as to time divested the title to the purchaser, not only as to the timber not severed, but also that severed. The latter decisions, however, hold that the purchaser is entitled to all the timber severed within the time limit, and also has the implied right to enter and remove the same. *Null* v. *Elliott,* 43 S. E., 173.

Even where a deed to timber expressly provided that after the expiration of the time fixed "all timber left on the land is to revert" to the seller, the word "timber" was held not to include manufactured cross-ties. *Johnson* v. *Truitt, supra.*

Though possibly not essential to the question of the owner-

ship of the logs involved in this case, because the appellant himself removed them from the land, yet it is the law that under the facts of this case, appellee had the implied right to enter and remove them after July 21, 1906.    *Macomber* v. *Detroit, etc., supra; Hicks* v. *Smith, supra; Golden* v. *Glock, supra; Halstead* v. *Jessup, supra; Johnson* v. *Truitt, supra; Giles* v. *Simmonds, supra.*

And certainly, as between holding the time limit clause to be an absolute forfeiture, and holding that the purchaser has an implied right to remove after the expiration of the fixed period, the latter would be adopted.    *Macomber* v. *Detroit, etc., supra.*

The attempt of counsel for appellant in their brief to settle the question of ownership on the theory of supposed trespass by appellee, should he enter the land after the expiration of the three years, and as to any right lost by appellee by reason of any supposed negligence in failing to remove the logs, is fully answered contrarily by the following cases:    *Erskine* v. *Savage, supra; Irons* v. *Webb, supra; Pulmer* v. *Prescott, supra,* and the other cases cited above.

MAYES, J., delivered the opinion of the court.

On the 21st day of July, 1903, D. H. & L. J. Cowart executed the following contract to the Gulf Coast Lumber Company, viz.:  "In consideration of $350 cash to me in hand, I hereby sell and warrant to the Gulf Coast Lumber Company all saw log timber on the following land, to-wit:    North half of northeast quarter (N. ½ of N. E. ¼) section one (1), township seven (7), range twelve; south ½ of section thirty-six, township six, range twelve west.    It is further agreed to give the above Gulf Coast Lumber Company three years to remove the saw logs from the above-described land from this date.   Witness our signature this the 21st day of July, A. D. 1903."

After the execution of the above contract the Gulf Coast Lumber Company conveyed all of its rights under same to the In-

gram-Day Lumber Company. At the expiration of the time limited by the contract, the Ingram-Day Lumber Company had not removed all the timber from the premises as required by the contract; but prior to the expiration of the three years, and while their contract was in full force, they had cut down a lot of the timber, and this timber so cut down remained upon the land after the 21st day of July, 1906, and the date at which this contract expired. After the expiration of the contract, the Cowarts sold the timber then lying upon the premises described in the conveyance, and which had been cut by the Ingram-Day Lumber Company, to Clark, the appellant. It is agreed in the record that the value of these logs sold to Clark by the Cowarts was $250, and that, if Clark is liable at all, he is liable for this sum.

It would be difficult for a contract to be drawn more clearly evidencing the intention that the rights of the grantee should cease at the expiration of the time limited in the contract than this one does. There are a great many decisions upon this subject, and the courts are in conflict as to whether or not timber shall be considered to be "removed" within the meaning of the contract of this sort, when it shall have been severed from the soil and left upon the land. We prefer to align ourselves with those authorities which maintain the integrity of the contract and enforce it according to its clear intent and meaning, when interpreted according to the general acception of the words used, rather than to enter into any refined distinction as to what constitutes a "removal," and thereby bring into the contract interminable confusion. By the plain terms of this contract the timber is sold to the grantee on condition that it be removed from the premises within three years from the date of the instrument, and, the three years having expired without its having done so, it has no further right on the premises or to the timber, either standing or which it has cut down and left lying upon the land after the expiration of the time fixed by the contract for removal. By the terms of the contract it

is given "three years to remove the saw logs from the above-described land," and a plain interpretation of this language means that it shall not only cut down, but that it shall take from the lands, the timber so granted, else its rights are terminated by the contract itself.   The only safe way to construe this contract is to construe it according to the general understanding of the meaning of the words that have been used, and which show that it was intended to limit the rights granted by this contract to a period of three years, and no longer.   Timber cannot be said to be "removed from the premises" unless it is carried off.   This contract says that the logs shall be removed from the above-described premises in three years, and timber cannot be said to be "removed" from the premises when it is merely cut down and left lying on the lands.

If the parties had intended that the grantee under this contract should have any rights additional to those which are granted in the contract—that is to say, if it was intended that they should have three years within which to cut the timber, and an additional time in which to remove it from the premises —nothing would have been easier than for the parties to have put this in the contract; and, since they have not done so, we cannot say that the parties intended that the grantee should be limited to three years only as to the time in which he shall cut down the timber, and shall have an additional time in which to remove timber cut from the premises.   To do this would be to make a new contract, and to disregard the agreement which the parties have actually made.   In the case of *Boisaubin v. Reed,* 2 Keyes, 323, where the party had bought timber on certain land, with the right to enter for the purpose of cutting and carrying away the timber for and during the term of ten years, the court held that the party claiming under the contract could not enter upon the land after the expiration of the term limited in the contract, for the purpose of removing timber cut prior to the expiration of the term, and on page

324 says: "The parties fixed the time within which the vendee or his representatives might enter the land and carry away timber. After the expiration of the term every entry upon the land for the purpose of taking timber away was without license of the deed. To hold to the continuation of the right to remove timber from the land, after the right for so doing which has been agreed on by the parties has expired, is to disregard their agreement or make a new one for them. It was the intention of the parties to the original agreement to limit the right to take and carry away timber, and the term within which the vendee or his representatives might lawfully enter upon the land; and the vendee has no title to the timber by cutting logs and leaving them upon the land, and to complete his title he must also remove the logs within the term." And again, on page 326, the opinion says: "The defendant cut down more timber than he could remove within his term. He knew that his right to enter and carry away expired at a particular date. He attempted to overreach the letter to his covenant, and must be allowed to bear his loss without remedy." This case has been adopted and approved in many cases.

All the cases which hold to the view that, notwithstanding there is a time within which timber sold must be cut and removed, yet the grantee in such an instrument, by severing the trees from the soil, has removed them within the meaning of the terms of such contracts, and that his rights are not lost by a failure to actually take the timber from the land within the period limited, cite back to the case of *Hoit* v. *Stratton Mills,* 54 N. H., 109, 20 Am. Rep., 119. We prefer the line of authority which adopts the case of *Boisaubin* v. *Reed* as containing the best decisions upon this subject. *Strong* v. *Eddy,* 40 Vt., 547; *Kellman* v. *McKinstry et al.,* 69 N. Y., 264; *Chestnut* v. *Green,* 86 S. W., 1122, 27 Ky. Law Rep., 838; *Saltonstall* v. *Little,* 90 Pa., 422, 35 Am. Rep., 683; *Jackson et al.* v. *Hardin,* 87 S. W., 1119, 27 Ky. Law Rep., 1110. In the case of *Adkins* v. *Huff,* 58 W. Va., 645, 52 S. E., 773,

3 L. R. A. (N. S.), 649, in the notes will be found many authorities on this subject; and in this case it is stated, in the opinion of the court, to be found on page 652 of 3 L. R. A. (N. S.), page 774 of 52 S. E.: "By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract." It is further said on the same page: "No distinction seems to be made in this respect between the rights conferred by deed and those conferred by contracts which have not the forms nor all the requisites of a deed."

*We are of the opinion that this case should be, and it is, reversed and remanded.*