GARNER *v*. THE STUART COMPANY.

No. 39362          November 22, 1954          75 So. 2d 747

*Osborn G. Idom, Frank F. Mize,* Forest, for appellant.

*Colbert Dudley, L. F. Easterling,* Jackson, for appellee.

292

LEE, J.

This cause was tried in the Chancery Court of Scott County on bill of the complainant, The Stuart Company, a partnership, and answer and demurrer of the

defendant, David Garner. The controversy was over the title to, and the conversion of, 150 bushels of corn. At the conclusion of the hearing, the court rendered a decree for the complainant in the sum of $150.00, and the defendant appealed.

Wayne Cooper, in 1950, was the owner of certain land in Scott County, on which he planted and cultivated a crop, which included about five acres of corn. On May 2, 1950, he conveyed the land by warranty deed to Garner. At the same time, the parties agreed that Cooper could remain on the land to finish the growing crop, and that he would have until October 15, 1950 to gather the same; and, if he sold any of the agricultural products to another, the purchaser would have the same period for that purpose.

On July 29, 1950, Cooper executed a bill of sale to the Stuart Company for the five acres of corn. The instrument recited that it was agreeable with David Garner that the corn could be removed on or before October 15. Thereafter on August 2, Cooper moved off of the place. The Stuart Company did not gather the corn by October 15, but sought to do so on October 20. Garner refused to permit the removal at that time, claimed that the corn then belonged to him, gathered it, and converted it to his own use.

Appellant contends that, when the Stuart Company did not remove the corn on or before October 15, it forfeited its right thereto. He cites Board of Supervisors vs. Newell, 213 Miss. 274, 56 So. 2d 689. But that case recognizes the rule to be that "A condition, when relied upon to work a forfeiture, is construed with great strictness." He also contends that, under certain cases, especially Clark vs. Ingram-Day Lumber Company, 90 Miss. 479, 43 So. 813, the Stuart Company had no right after October 15, to enter upon the land to remove the corn. In the cited case, the Cowarts sold the timber with the express agreement that it should be removed within three years from the date of the deed.

In the case here, Cooper sold the corn unconditionally. His bill of sale recited that it was agreeable with Garner for the corn to be removed on or before October 15, but it contained no provision for a reverter either to himself or to Garner. After the execution and delivery of the deed, his continued occupancy was obviously a form of tenancy. He had the right to remain on the land until October 15. His vendee, The Stuart Company, stood in his shoes and had the same right.

In Opperman vs. Littlejohn, 98 Miss. 636, 54 So. 77, 35 L. R. A. (N. S.) 707, Littlejohn was a tenant of Opperman for the year 1909. Prior to the expiration date of the lease, Opperman advised Littlejohn that the premises had to be surrendered on December 31. Following the expiration date of the lease, four bales of cotton remained unpicked in the field. Opperman was asserting no claim against this cotton for rent or advances, but he refused Littlejohn permission to go upon the premises and gather it. However, in spite of Opperman's protest, Littlejohn went upon the land and gathered the cotton. The case held that, as between landlord and tenant, the annual crop raised on the leased premises, when matured during the term of the tenant's lease, becomes his personal property, and he has a reasonable time, after the expiration of the lease, to gather and remove his crop. The Court used this language: "After the expiration of the lease, within a reasonable time, all of the effects of the tenant must be taken therefrom, and if this is not done the landlord may remove it; but he can never obtain title because the tenant fails to remove it. If the tenant leaves personal effects on the premises after the termination of the lease, the landlord may not only remove them after a reasonable time, but, if necessary in order to get the use of his property, may destroy them; but he cannot get title simply because the personal property is left on the premises after the termination of the lease. The tenant rented this land

for the purpose of maturing this crop, and on maturity it became his crop.''

In Wood v. Pace, 164 Miss. 187, 143 So. 471, there was a re-examination of Opperman vs. Littlejohn, supra, with the conclusion that the adopted view is that crops matured and ready to be gathered are personal property belonging to the tenant, ''and that the tenant had the right, after eviction, or after his lease expired, to a reasonable time in which to go upon the land and gather the matured crops.''

This principle is applied by statutory enactment as to crops in the instances mentioned in Section 1056, Code of 1942.

Reasonable compensation to Garner for gathering the crop was agreed upon by the parties. His right to compensation for the use of the land by the Stuart Company in gathering the corn was not, of course, involved, inasmuch as he did not permit the company to use it.

It follows therefore that the decree of the lower court is correct and should be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Ethridge, JJ.,* concur.