Cooley, Ch. J.: •
This case, when before us on a former occasion (32 Mich.,. *87 93), was disposed of on the terms of the written agreement by which Kingsley had sold standing timber to be taken off within three years, which time had elapsed before the timber now in controversy was cut. Several new facts are now in the case. It appears than when Kingsley afterwards sold the land he expressly reserved the timber, and he testifies that he extended indefinitely the time for taking the timber off. Under this state of testimony the following objections are taken to the recovery which the plaintiffs below have obtained:
1. That the original sale of the timber by Kingsley was void, because made before he acquired title to the land. But it appears that he acquired title before the three years expired; and that would be sufficient to validate his sale. He could not then dispute it, nor could any third person.
2. That his extensions of time to take off the growing timber were invalid, because not in writing, as required by the statute of frauds. But whether valid or not originally, they would be good as licenses, so far as they were acted upon, and Kingsley’s testimony is full to the fact that for all the timber cut he received payment;
3. That the agreement in itself was ineffectual to pass title to any particular timber, because the sale was not of all the timber on the land, but only of the merchantable timber, so that some action would be requisite to detei’mine what was and what was not covered by the sale. But as the sale was of all the merchantable timber, we have no doubt it took effect at once, upon such timber as answered the description. Only a question of fact would be open, as to what was and what was not merchantable.
*4. That Kingsley had no authority thus to extend the time for taking off the timber, his reservation of it by his deed being only for the purpose of protecting his contract. But his deed does not show this, and the reservation is absolute.
There must undoubtedly be some limit to the right of Kingsley thus to extend the time after he had parted with the title to the land. He could not do so indefinitely to the prejudice of an owner who might desire to put the land to use. But it *88 does not appear by this record that the owner of the land ever objected, or ever notified the owner of the timber to remove it. On the whole, we are inclined to think no error in law was committed in the court below, and the judgment will be affirmed, with costs.
The other justices concurred.