HUBBARD *et al.*, *Plaintiffs in Error*, v. BURTON..

**Contract to Cut and Remove Timber**: MEANING OF THE WORD "TIM-BER:" REASONABLE TIME. Plaintiffs' assignor contracted for the right to enter upon defendant's land and "cut all the white-oak, burr-oak, spanish-oak, elm 'and walnut that is upon said land, and remove said timber within twelve months. * ' * All of said timber not removed from said land within twelve months, whether cut or standing, is to be the property of" the defendant. The contract did not say for what purpose the timber was to be cut. *Held*, that the term "timber," as used in the last clause of the contract, meant trees standing, or felled and lying in their natural state upon the land, and did not include railroad ties made out of the trees; and that plaintiffs were entitled to a reasonable time after the expiration of the twelve months to remove these.

*Error to Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

REVERSED.

*Chas. A. Winslow* for plaintiff in error.

*A. M. Alexander* for defendant in error.

HENRY, J.—This is an action for possession of 1,410 railroad ties alleged to be of the value of $300, which, plaintiffs charge, are unlawfully detained from them by defendants. Plaintiffs are partners, and defendants, husband and wife. On affidavit and bond, etc, as provided by the statute, the ties were delivered to plaintiffs. The cause was submitted to the court on an agreed statement, and defendants obtained a judgment. Plaintiffs have brought the cause here on writ of error.

The controversy arose upon the following contract executed by Mary J. Burton, then Mary J. Alexander, and one Lewis Jeffries: "This memorandum witnesseth the following agreement between Mary J. Alexander, of the first part, and Lewis Jeffries, of the second part: The said Mary J. Alexander has this day agreed that the said Lewis Jeffries may enter upon her land, being ninety acres of the

farm of Gabriel Alexander, deceased, and the portion allotted to her in the partition of said deceased's lands, and cut all of the white-oak, burr-oak, spanish-oak, elm and walnut that is upon said land, and remove said timber, within twelve months from this date, for which said Jeffries has paid her cash in hand $300, and is to pay her $100 on or before the 7th day of July, 1876, and to execute his note to her for the sum of $175, payable on the 1st day of September, 1876, with good security. It is further agreed that if said $100 is not paid on the 7th day of July, 1876, the said Jeffries shall not have the right to remove any timber from said lands, until he shall pay said sum of $100. All of said timber not removed from said land within twelve months, whether cut or standing, is to be the property of the said Mary J. Alexander.

Witness our hands on the 7th day of June, 1876."

Statement following above contract: "And that on the 22nd day of June, 1876, Jeffries sold under contract hereinafter set out, to plaintiffs, all ties then made on said land under said contract, and all thereafter to be made, and that the ties sued for were made within one year from and after the date of said contract, but remained on the land after that time, and were on the land at the institution of this suit."

Contract between Lewis Jeffries and Hubbard & Plank as follows:

MOBERLY, Mo., June 22nd, 1876.

This is to certify that we have this day bought of Lewis Jeffries, 8,000, with the privilege of 10,000, railroad cross-ties, at the following prices: For first-class, 33 cents, second-class, 22 cents, per tie, specification as follows: Made of good sound tie timber of such kinds as will be received by the Missouri, Kansas & Texas Railroad Company on this division, made according to their specifications, said ties to be delivered between Evansville and Madison, on the line of their road, on or above grade, piled

up according to the company's instructions; payments to be made on or before the 25th of each month; said ties to be all delivered between this date and the 1st day of January next.

HUBBARD & PLANK.

The piling to be delivered and loaded on the cars at ten cents per foot, of such specifications as will be received by the road.

HUBBARD & PLANK.

Statement following above contract, as follows: "That this contract was varied so that Jeffries could deliver the ties on the land, and that Hubbard & Plank so agreed and hauled part of the ties away."

The only question which it is necessary to determine relates to the proper construction of the contract between Miss Alexander and Jeffries: "All of the timber not removed from said land within twelve months, whether cut or standing, is to be the property of the said Mary J. Alexander."

We have no doubt that any trees standing, or felled, and lying in their natural state upon the land, after the expiration of twelve months from the date of the contract, would belong to the vendor. But does the term "timber" embrace articles manufactured out of the timber? Suppose instead of purchasing the timber for the purpose of making railroad ties, the object of the purchaser had been to manufacture barrels, buckets or shingles, would defendant have been entitled to all such manufactured articles found upon the premises, after the expiration of the specified time? It is evident, that the object of inserting that provision in the contract, was to avoid conferring upon the purchaser a right, indefinite as to time, to enter upon the land and cut down the timber—to limit the right to cut and remove the timber, or work it up, after the lapse of twelve months. We think the fair and reasonable construction of the contract is, that only the timber standing, or cut and lying upon the ground in its natural state, was

forfeited to defendants.     *Wetherbee v. Green*, 22 Mich. 315;
*s. c.*, 7 Am. Rep. 653.   This construction accomplishes what
may fairly be considered defendant's purpose in having the
stipulation under consideration embodied in the  contract.
The court tried the case on a different theory.   The owners
of the ties are entitled to a reasonable time after the expi-
ration of the twelve months, within which to remove the
ties.   The judgment is reversed and the cause remanded.
All concur.