108    491
e134  ¹169

MACOMBER *v.* DETROIT, LANSING & NORTHERN RAIL-
ROAD CO.

1. SALE—STANDING TIMBER—LIMITATION OF TIME FOR REMOVAL.
    Under a contract for the sale of all of the timber on a
    tract of land, to be removed by the vendee within a specified
    time from the date of the contract, the title to the timber
    remaining uncut at the expiration of the time limited reverts
    to the owner of the realty.

2. SAME—REMOVAL OF TIMBER—WHAT CONSTITUTES.
    The severance of the timber from the soil, and the cut-
    ting of the same into sawlogs, is a removal of the timber,
    within the terms of the contract.

Error to Montcalm; Davis, J.   Submitted January 15,
1896.   Decided March 3, 1896.

Replevin by Allen Macomber and another against the
Detroit, Lansing & Northern Railroad Company.   From
a judgment for plaintiffs, defendant brings error.   Af-
firmed.

*McGarry & Nichols* (*George A. Farr*, of counsel),
for appellant.

*Whittlesey & Kennedy* (*Vernon H. Smith*, of coun-
sel), for appellees.

MONTGOMERY, J.   On the 22d day of July, 1892, the
Cutler & Savage Lumber Company executed a writing to
one John S. Wiedman, containing the following provi-
sions:

"The Cutler & Savage Lumber Company has this day
sold to J. S. Wiedman, of Lake View, Michigan, all of
the timber on the entire section twenty-nine, in town thir-
teen north, of range seven west.   The said J. S. Wied-
man is to remove the timber in two years from this date;
and, in case the said Cutler & Savage Lumber Company

sell any of said land, the said J. S. Wiedman is to remove the timber from the land sold at once, on being notified of the said sale."

On the 4th of November, 1892, Wiedman sold the same timber to plaintiffs, and the lumber company afterwards sold the land to one Fred Bissell. No notice of this sale or request for immediate removal was made. Plaintiffs, within the two years, cut the pine in question into logs, but had not removed the logs from the premises within the two years. Bissell removed them, and defendant represents his title. The question is whether failure to remove the logs after they were cut, and within the two years named in the contract, forfeited the title.

Contracts containing similar provisions have been construed in the courts in a number of the States, and the weight of authority supports the defendant's contention that, as to timber remaining uncut at the expiration of the time limited under a contract such as this, the title reverts to the owner of the realty. See *Pease* v. *Gibson*, 6 Me. 84; *Howard* v. *Lincoln*, 13 Me. 123; *Saltonstall* v. *Little*, 90 Pa. St. 422 (35 Am. Rep. 683); *Utley* v. *Lumber Co.*, 59 Mich. 263; *Haskell* v. *Ayres*, 32 Mich. 93, 35 Mich. 89; *Gamble* v. *Gates*, 92 Mich. 510. None of the Michigan cases directly determine the status of timber cut and manufactured into logs during the time limited by such a contract as that in question, but not removed until later. In *Gamble* v. *Gates* the contract covered all the timber standing, lying, or being on the land. It was provided expressly that whatever of *said* timber should remain on said lands, after the limit afforded, should *revert* back, and become the property of the first party. The case was determined by the terms of the contract. In *Golden* v. *Glock*, 57 Wis. 118 (46 Am. Rep. 32), a contract similar to that in question was held to convey title to only such timber as was removed within the time limited, but considered all such timber as was manufactured into stave bolts as removed. In *Hicks* v. *Smith*, 77 Wis. 146, the same doctrine was reaffirmed by

the same court.   A contract not distinguishable from the one herein involved was considered, and it was held that, as to trees cut into logs, the severance from the realty had become complete.   The property had become personalty, and its character so essentially changed by such manufacture that it was, in effect, removed from the premises, within the meaning of the deed.

In *Williams* v. *Flood*, 63 Mich. 493, Mr. Justice CAMPBELL, speaking of such a contract as the present, said:

"It is not very important to discuss the exact nature of plaintiff's rights under the written contract.   Whatever they were, they included an absolute sale of all the timber described, subject only to such qualifications of the right of removal as the contract mentions.   At most, this condition would only operate by way of forfeiture.   The timber had all been paid for, and all belonged to the plaintiff, unless lost by forfeiture for non-removal."

The same can be said of the present case, and, if we apply the rule that forfeitures are not favored (*Miller* v. *Havens*, 51 Mich. 485), the rule of the Wisconsin court seems consistent with reason and justice.   It is no stretch to treat the severance of the timber from the soil, and its manufacture into logs, as a removal, within the terms of the provision for forfeiture.   The case of *Boisaubin* v. *Reed*, 1 Abb. Dec. 161, is opposed to the Wisconsin cases cited; but we think the doctrine of the Wisconsin cases more just, and are disposed to adopt it.

Judgment affirmed.

The other Justices concurred.