DAVID M. BUTLER ET AL *v.* ROBERT T. McPHERSON ET AL.

[49 South. 257.]

DEEDS. *Timber reserved. Limited time to cut and remove. Cross-ties manuactured but not removed.*

Where a deed to land reserved in the grantor the right and title to all timber thereon which he might remove within a designated time, but conveyed all timber thereon not removed in that time:—

(*a*) The grantee was the owner of all timber standing, growing and being on the land at the expiration of the time, including timber cut and lying in its natural state; but

(*b*) He was not the owner of railroad cross-ties, manufactured by the grantor within the time, the greater part of their value being the result of skill and labor expended in their manufacture, although made from timber on the land and left thereon after the expiration of the time.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

Butler and another, appellants, copartners under the name Butler & Barrow, were plaintiffs in the court below; McPherson and another, appellees, copartners under the name McPherson Brothers, were defendants there. From a judgment in defendants' favor, predicated of a peremptory instruction, the plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*P. H. Lowrey,* for appellant.

Prior to the decision by this court of the case of *Clark v. Ingram,* 90 Miss. 479, 43 South. 813, it seemed to be an open question in this state whether a purchaser of timber with a limited term for removal lost his right and title to the timber by a failure to remove it within the time limited, where the timber had been actually severed from the soil within the time. There is much conflict in the authorities on this point and a fine

distinction is drawn between a reservation and exception of the timber and a deed conveying land. I take it that the same distinction applies where there is a sale of the timber or a grant of the right to cut the timber. I know of no case in which the distinction is more clearly and satisfactorily drawn than *Rich v. Zeilsdorf,* 22 Wis. 24, 99 Am. Dec. 81.

My understanding of *Clark v. Ingram* is that where the contract clearly expresses the intention of the parties it will be rigidly enforced, and that both the right and remedy must cease at the time agreed upon. Whether the language of the deed in this case is a reservation or exception, I take it to be no stronger in favor of the right claimed by the appellants than was the language in *Clark v. Ingram,* and if these appellants had cut down the trees and cut them into saw logs that case would be decisive of this and we would not ask any review by this court. I do not understand this court to hold in that case that one party may not have personal property upon the land of another, even without the right to go upon the land of another and remove it, or that the personal property of one party by being upon the land of another becomes, in virtue of that fact alone, the property of the owner of the land. On this point I call the attention of the court especially to *Irons v. Webb,* 32 Am. Rep. 135.

In the *Clark case* this court holds that the cutting down of trees and cutting them into saw logs does not amount to removal within the language of the contract. I take that to be the full extent of the holding there. If, however, the logs in that case, had been sawed into lumber, and left piled upon the land, it is hardly conceivable that the court would have held that the lumber belonged to the owners of the land. Here we have a case that strong and even stronger. Lumber is not a finished product and requires additional labor to make it so, yet in that case or this, I apprehend that the court would not hold that under a contract like the one there or here, the owner of the land would get the lumber. In the present case the timber was not worked into plank which would require additional labor in

the using, but was made into cross-ties which are a finished product and require no other labor in the using. There had been expended upon these cross-ties fifteen cents per tie which more than quadruples the value of the material used, according to the proof in the case, while the sawing into lumber would a little more than double the value.

The old illustration of Mr. Blackstone of the naked canvas and the canvas after a costly picture had been painted upon it is precisely applicable here. The cross-ties in this case had not only been made but had been inspected, paid for and branded. The supreme court of Wisconsin in *Golden v. Glock,* 46 Am. Rep. 32, draws the clear distinction and holds that where the logs have been made into stave bolts, and the character is essentially changed, they cannot be held by the owner of the land. This is the same court which held in *Rich v. Zeilsdorf, supra.,* that the cutting of the trees into saw logs did not give the title to the party cutting them, just as this court held in the *Clark case.* To the same effect is *Hubbard v. Burton,* 71 Mo. 65.

*M. E. Denton,* for appellee.

[The brief of counsel for appellee was lost from the record before it reached the reporter, hence a synopsis thereof is not given.]

SMITH, J., delivered the opinion of the court.

On April 11, 1904, the appellants sold to the appellees the E. ½ of section 34, township 27, range 1 w., in Quitman county; the deed containing a reservation of the timber as follows: "By this deed of conveyance made by us (said Butler and Barrow) to the said McPherson Bros., we expressly reserve and retain the right and title to any and all timber on said land herein conveyed, and which we may remove therefrom at any time not later than the 1st day of October, 1905, and all the timber thereon which is not removed by us by said date is to be

and remain the property of the said McPherson Bros., and the deed thereto is to be absolute from that time." Prior to October 1, 1905, appellants cut and removed from the land much of the timber in logs, but worked a part of it into railroad cross-ties, which ties had not been removed from the land on October 1, 1905. These ties were afterward taken possession of and sold by appellees, and this suit was instituted to recover the value thereof. In addition to the plea of general issue, a special plea of *res adjudicata* was filed by appellees, alleging that all matters involved herein had been adjudicated by the chancery court in a proceeding therein between the parties to this cause. After hearing all the evidence the court below instructed the jury to find for the defendants, and verdict was rendered accordingly, from which judgment plaintiffs appeal to this court.

We learn from the brief of counsel for appellants that the learned judge below was of the opinion that the plea of *res adjudicata* was not sustained, in which we agree with him, but further held that appellants were not entitled to recover under the rule announced in *Clark v. Ingram,* 90 Miss. 479, 43 South. 813. This case correctly decided that any timber standing or cut and lying in its natural state upon the land at the expiration of the time fixed by the contract for the removal thereof would belong to the owner of the soil. But does the word "timber," as used in the contract here under consideration, embrace articles manufactured out of the timber? These ties were manufactured at a cost of fifteen cents each, and the greater part of their value was the result of the skill and labor expended in such manufacture. The word "timber," used as a generic term, according to Mr. Webster, means "that sort of wood which is proper for buildings, or for tools, utensils, furniture, carriages, fences, ships, and the like; usually said of felled trees, but sometimes said of those standing"—and not the articles in their completed state, for the manufacture of which the timber may be used. See, also, Anderson's Dictionary of the Law.

When the timber was manufactured into railroad cross-ties,

its use and nature changed. "It was no longer timber. Its character as timber ceased when the labor of" those who felled the trees, and cut the trunks thereof into appropriate lengths "ceased and the labor of the manufacturer commenced. When the article is once perfected for immediate use, it is only known by its appropriate name, and is no more timber than bread is flour, or flour wheat, or mutton sheep, or beef oxen." *U. S. v. Schuler*, 27 Fed. Cas. 982. As was said by the court in *Hubbard v. Burton*, 75 Mo. 67: "Suppose, instead of purchasing the timber for the purpose of making railroad ties, the object of the purchaser had been to manufacture barrels, buckets, or shingles, would defendant have been entitled to all such manufactured articles found upon the premises after the expiration of the specified time?" We think, as did the Missouri court in the case just cited, and the Wisconsin court in *Golden v. Glock*, 57 Wis. 118, 15 N. W. 12, 46 Am. Rep. 32, the fair and reasonable construction of the contract is that only the timber standing or lying upon the ground in its natural state at the expiration of the time limit in the contract was forfeited to appellees.

The peremptory instruction was therefore improperly given, and the judgment is *reversed* and cause *remanded*.