AUSTIN, ADMINISTRATOR, v. BROWN ET AL.

(Filed 28 April, 1926.)

1. Contracts—Deeds and Conveyances—Timber—Cutting and Removing
　　—Reverter.

　　A timber contract conveys all standing trees as realty, but when severed they become personalty, and where a time for the cutting and removing of the timber is fixed by the conveyance, at the expiration thereof such

trees severed or standing as are left remaining on the lands are the property of the grantor, though the conveyance does not specify that they shall revert to him.

### 2. Same—Lumber.

The word "timber" which a grantee in a timber contract must remove from the lands within a stated time, does not include lumber, a manufactured product, and at the expiration of the period, the grantee may remove the same within a reasonable time, unless the contract by its terms includes the lumber as well as the timber.

### 3. Same—Appeal and Error—Issues.

Where the purchaser under a timber contract has taken lumber left on the premises by claim and delivery, after the time fixed for the removal by him of timber, which he has endeavored to remove within a reasonable time, it is reversible error for the court to refuse an issue as to his title to the timber, and submit only an issue of damages for its wrongful detention.

CIVIL ACTION tried by *Dunn, J.,* at December Term, 1925, of MOORE.

On 7 February, 1913, Duncan W. Brown conveyed to James W. Austin and his heirs and assigns "all merchantable timber, both standing and down, of pine and other varieties on the home farm of said party of the first part, consisting of 159 acres." Among other conditions, not pertinent, the following pertinent clause appears in the deed: "The party of the second part (James W. Austin) shall have the right to establish and operate a steam sawmill, with suitable site for same, on the above-described tract . . . and ingress and egress to any part of said tract necessary in cutting and removal of the timber; and shall have a period of five (5) years from the date hereof for the cutting and removal of the timber herein conveyed, with the privilege of continuing such operations during a further period of five (5) years by payment to the party of the first part (Brown), his heirs or assigns, at the rate of twenty-five dollars ($25.00) per annum, each period of three months or fraction thereof to be paid for as three months. It is mutually covenanted and agreed by and between the parties to this agreement that the said party of the first part (Austin) shall have the right to enter and remove from said land his firewood, any lightwood and parts of trees left on the ground by said party of the second part, and that this agreement terminates at the expiration of ten (10) years from date hereof, unless sooner terminated as above provided."

The plaintiff is the surviving partner of James W. Austin, the grantee in said deed. Under and by virtue of the terms of said deed the said Austin located his sawmill on the land and began cutting the timber. Austin died 12 January, 1923, and the plaintiff is his adminis-

40—191

trator and surviving partner. D. W. Brown, the grantor, died also prior to 7 February, 1923, and the defendants are his widow and his children.

The time for cutting and removing the timber expired 7 February, 1923. At that time the plaintiff had cut all the timber, removed the logs to the mill where they had been sawed into lumber, and the lumber stacked on sticks and in piles upon the land. On 8 February, the day after the time for cutting and removal had expired, the defendants notified plaintiff that he could not go upon said land to remove the lumber stacked thereon by reason of the fact that the defendants claimed that the lumber belonged to them because it had not been cut and removed during the period limited in the contract. The plaintiff thereupon brought this suit and instituted claim and delivery proceedings for possession of said lumber and the same was seized thereunder. There was a dispute between the parties as to the amount of lumber upon the premises.

The plaintiff tendered the following issue: "Is the plaintiff the owner and entitled to the possession of the lumber described in the complaint?" The court declined to tender this issue, but tendered the following issue: "What was the reasonable market value of the lumber at the time of seizure under the claim and delivery?"

At the conclusion of plaintiff's evidence, the trial judge stated to the jury that he would hold, as a matter of law, that the plaintiff had no right to enter upon the land described in the complaint after the expiration of the term mentioned in the contract and remove the lumber therefrom, which had been manufactured out of the timber trees cut down upon said land; and that, as a matter of law, the title to said lumber upon the expiration of said contract vested in the owner of the land, and the only matter reserved to be heard was the value of the lumber seized under the claim and delivery proceedings.

There was judgment for the defendant for the sum of $410.00, said judgment further adjudging that the action as to plaintiff's cause of action be nonsuited.

From the foregoing judgment plaintiff appealed.

*H. F. Seawell for plaintiff.*
*U. L. Spence and J. C. Sedberry for defendants.*

BROGDEN, J. The proposition is this: Can the purchaser of standing timber enter upon the land described in the contract and remove therefrom manufactured lumber after the period for "cutting and removal" prescribed in the contract has expired?

The construction and interpretation of timber contracts has been a fruitful source of litigation and has produced an almost unnumbered

multitude of decisions in the various courts of the country. The courts are hopelessly divided upon many pertinent questions relating to rights flowing from timber contracts, and any attempt to distinguish, reconcile or harmonize decisions upon the subject is an impossible and fruitless task.

In North Carolina it has been generally held: (1) That deeds for standing timber convey a fee-simple interest in such timber as realty, determinable as to all such timber as is not cut and removed within the time specified in the deed; (2) that upon severance of the trees from the land they become personal property; (3) that uncut timber and timber cut and not removed within the time specified in the contract becomes the property of the owner of the land, irrespective of whether the contract contains an express reverter clause or not. *Bunch v. Lumber Co.,* 134 N. C., 116; *Hawkins v. Lumber Co.,* 139 N. C., 160; *Lumber Co. v. Corey,* 140 N. C., 462; *Midyette v. Grubbs,* 145 N. C., 85; *Hornthal v. Howcott,* 154 N. C., 228; *Bateman v. Lumber Co.,* 154 N. C., 248; *Williams v. Parsons,* 167 N. C., 529; *Ollis v. Furniture Co.,* 173 N. C., 542; *Williams v. Lumber Co.,* 174 N. C., 229; *Morton v. Lumber Co.,* 178 N. C., 163.

The exact question presented by this appeal has not been determined by this Court. The nearest approach to a decision of the question is found in *Lumber Co. v. Brown,* 160 N. C., 281, in which the law was declared to be that saw logs left upon the premises at the expiration of the time designated by the contract reverted to the owner. It should be observed, however, that the actual question decided in the *Brown case* was that there was sufficient evidence of a sale to go to the jury. But conceding that the *Brown case* holds that logs left on the land reverted to the owner of the land, still the *Brown case* is not decisive of the question presented by this record for the plain reason that this record presents the question of manufactured lumber and not timber, trees or logs. Therefore, we come face to face with the question as to what is meant by the term "timber." Timber means growing trees and logs. *Johnson v. Truitt,* 122 Ga., 327. Perhaps the clearest and most comprehensive statement of the question involved is found in the case of *Hubbard v. Burton,* 75 Mo., 65, and is in this language: "We have no doubt that any trees standing, or felled, and lying in their natural state upon the land, after the expiration of twelve months from the date of the contract, would belong to the vendor. But does the term 'timber' embrace articles manufactured out of the timber? Suppose instead of purchasing the timber for the purpose of making railroad ties, the object of the purchaser had been to manufacture barrels, buckets or shingles, would defendant have been entitled to all such manufactured articles found upon the premises, after the expiration of the specified

time? It is evident that the object of inserting that provision in the contract was to avoid conferring upon the purchaser a right, indefinite as to time, to enter upon the land and cut down the timber—to limit the right to cut and remove the timber, or work it up, after the lapse of twelve months. We think the fair and reasonable construction of the contract is, that only the timber standing, or cut and lying upon the ground in its natural state, was forfeited to defendants."

The facts in the *Hubbard case, supra,* were that the contract provided that all timber not removed from the land within twelve months, whether cut or standing, was to be the property of the owner, and that certain railroad ties which had been manufactured prior to the expiration of the time specified in the contract, had been left upon the land, and suit was instituted to recover possession of said ties. The same definition and distinction was thus declared in *Butler v. McPherson,* 95 Miss., 635: "When the timber was manufactured into railroad crossties its use and nature changed. It was no longer timber. Its character as timber ceased when the labor of those who felled the trees, and cut the trunks thereof into appropriate lengths ceased and the labor of the manufacturer commenced. When the article is once perfected for immediate use, it is only known by its appropriate name, and is no more timber than bread is flour, or flour wheat, or mutton sheep, or beef oxen."

Some of the courts have held that when trees have been cut into saw logs that this in itself is a removal under contracts similar to the contract in the case now under discussion. *Macomber v. R. R.,* 108 Mich., 491; *Mahan v. Clark,* 219 Pa., 229; *Lancaster v. Roth,* 155 S. W., 597.

But however this may be, the weight of authority and the weight of reason is to the effect that when the trees are cut into logs, and the logs conveyed to a mill and manufactured into lumber, and the lumber stacked or piled upon the premises, that it ceases to be timber or standing trees, and therefore the principle of reverter does not apply. This principle has been recognized and upheld in the states of Maryland, Texas, Michigan, Maine, Georgia, Wisconsin, Pennsylvania, Missouri, Mississippi, New Hampshire, Minnesota, Kentucky, New Jersey, and Indiana: *Wimbrow v. Morris,* 118 Md., 91; *Lancaster v. Roth,* 155 S. W., 597; *Macomber v. Detroit L. & N. R. R.,* 108 Mich., 491; *Erskine v. Savage,* 96 Maine, 57; *Johnson v. Truitt,* 122 Ga., 327; *Golden v. Glock,* 57 Wis., 118; *Mahan v. Clark,* 219 Pa., 229; *Hubbard v. Burton,* 75 Mo., 65; *Butler v. McPherson,* 95 Miss., 635; *Tuttle v. Pingree,* 75 N. D., 288; *Pryor v. International Lumber Co.* (Minn.), 195 N. W., 772; *Irons v. Webb,* 41 N. J. Law, 203; *Halstead v. Jesup,* 150 Ind., 85.

The contrary view is discussed in the case of *Smith v. Wells* (Mass., 1924), 145 N. E., 50, which cites authorities in New York and Virginia. But, upon the other hand, in the case of *Clark v. Aldrich,* heard in the District Court of the U. S., for the District of Massachusetts and reported in 278 Fed., 941, it is held that sawed lumber, slabs and cord wood left upon the land at the termination of the time specified in the contract was personal property and could not be forfeited to the owner of the land unless such intention was plainly expressed in the contract. The opinion uses this language: "We have no occasion to undertake to reconcile the numerous and somewhat conflicting rulings as to contracts for the cutting and removal of timber. It is enough to note that the overwhelming weight of authority applicable to such a contract as was made by these parties is in support of the view taken by the court below," citing *Wimbrow v. Morris,* 118 Md., 91, and quoting with approval from that case as follows: "It seems to be the rule even in those jurisdictions which hold that all the rights of the parties to the timber terminated at the expiration of the time limit, if the timber is manufactured into lumber the owner of the timber does not lose his right thereto by the expiration of the time limit."

The various shades of definition and the reasons supporting the divergent views of the courts are collected in exhaustive notes contained in 15 A. L. R., 41; and 31 A. L. R., 944.

The contract in the case now under consideration specified a period for "cutting and removal of the timber." It further provided that the purchaser of the timber should operate a sawmill upon the land, and it was therefore in contemplation of the parties that the purchaser of the timber should have the right to saw during the entire period and until the last moment thereof if he so desired, and this very right would necessarily imply the privilege of removing the completed product from the premises.

It is urged that the principles of law upon which this decision is based, modify the contract of the parties by extending the time which the parties had agreed upon for the cutting and removal of the timber. This argument is not based upon sound reason because the parties contracted that *timber* should be cut and removed. The *timber* was cut and removed when it went through the mill and came out a manufactured product, and was therefore not embraced in the contract. The decisive principle is thus expressed in *Taylor-Brown Timber Co. v. Wolfe Creek Coal Co.* (Ky.), 107 S. W., 733, cited in defendants' brief:

"In respect to the lumber on the land, we think the lower court correctly ruled that appellant should have the right to remove it upon the ground that it is not embraced by the contract. There is no limitation in the contract as to the time the lumber should be removed from the

land. Nothing is said about it, and the time limit as to trees and logs does not embrace the manufactured product. The lumber was a chattel, left by the appellant on the land, and it should be allowed a reasonable time in which to remove it."

It was therefore error for the trial judge to hold, as a matter of law, that the plaintiff had no right to enter upon the lands described in the complaint for the purpose of moving the lumber stacked thereon, and it was also error to decline to submit the issue tendered by the plaintiff as to the ownership of said property. If the property belonged to plaintiff, we hold that he had a right to go upon the land and remove it within a reasonable time. Therefore, there must be a

New trial.