AMERICAN OIL CO. *v.* WHEELESS *et al.*

(In Banc. April 10, 1939.)

[187 So. 889. No. 33522.]

Hannah & Simrall, of Hattiesburg, for appellant.

Greek **L. Rice,** Attorney-General, **J. A. Lauderdale,** Assistant Attorney-General, and **Harry M. Bryan,** of Jackson, for appellees.

Argued orally by **T. C. Hannah,** for appellant, and by **Harry M. Bryan,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

The question presented for decision on this appeal involves the consideration of numerous features of the con-

tract between the oil company and its distributors of petroleum products which was in issue in the case of Texas Company v. Leon L. Wheeless et al. (Miss.), 187 So. 880, this day decided; and wherefore, the opinion in that case should be read in connection herewith, since in each case the determination of the relation of the oil company to its distributors, and to the assistants or employees of the latter, within the meaning of chapter 176 of the General Laws of 1936, as supplemented by chapter 3 of the Laws of the First Extraordinary Session of 1936, and as amended by chapter 147 of the General Laws of 1938, known as the Unemployment Compensation Act, is the legal inquiry with which the Court is dealing. Likewise, the proceedings in the court below, as well as the relief sought and decree rendered, in each case, were the same in all material particulars. We shall therefore refrain from repeating what we have said in Texas Company v. Wheeless et al., supra, regarding the objects and purposes of the Act, the construction of its provisions, and the authorities governing the decision as to whether the relation of employer and employee is created within the meaning of said Unemployment Compensation Act by such provisions of the contract there discussed, as are present in the contract in the instant case. In other words, in this opinion we shall be content to call attention only to those features of the contract in the case at bar not found in the other contract; and which are asserted to be sufficient to distinguish the two cases.

Those provisions are: (1) The appellant oil company owns and agrees to maintain the bulk station plant and its equipment. (2) The restrictive covenant as to the distributor not engaging in the business of selling other petroleum products is confined to the life of the contract in question, whereas in the case of Texas Company v. Wheeless et al., supra, the covenant extended beyond the termination of the contract. (3) All contracts with retail customers relating to the equipment furnished them by the oil company and installed by the distributor

must be in the name of the oil company. (4) The oil company reserves the right to select certain persons in the territory served by distributor to whom the distributor may sell on credit without responsibility or risk to himself, except that he is to assist the oil company to make collection of these accounts, if called upon to do so, in consideration of the commission which he receives in the making of such sales on the oil company's account. (5) The distributor is expressly required to keep his trucks and other equipment, used in the distribution of the consigned product, in first class workable condition. (6) Distributor has discretion to make adjustments of customer's complaints as to shortage in quantity of products delivered, while the oil company is to make adjustments as to quality, unless the distributor has failed to deliver the quality ordered by customer after the product of such quality has been furnished to distributor on consignment by the oil company. (7) The distributor is required to pay the expense of any litigation between a customer and the oil company growing out of the transactions had between the distributor and his customers. (8) The oil company agrees to keep the books relating to the accounts of customers, while the distributor is also required to keep complete records in the manner required by the oil company, and the oil company agrees to assist the distributor in the collection of the accounts by sending out statements therefor in its own name, and to otherwise cooperate with him in that behalf; and also the books in regard thereto are to be turned over to the oil company as its property at the termination of the contract. (9) The contract requires the distributor to pay for the products delivered him by the oil company at its prices, but does not undertake by any language to control the price at which the distributor shall sell to his retail customers. (10) The contract expressly provides that the oil company shall have no direction or control of the distributor in the employing and discharging of such assistants as the distributor may

employ in the distribution and sale of the products; "nor any right to in any manner direct or control said employees of the distributor in and about the performance of their work." (11) The distributor agrees "to use his very best efforts to sell and distribute . . . said commodities;" whereas under the contract in Texas Company v. Wheeless et al., supra, it is stipulated that the "Consignee shall diligently market and distribute the petroleum products"—a distinction not material here, unless the use of the words "his best efforts" as used in the present contract gives these provisions a different meaning. The question of whether the fact that the contract contemplates that the consignee, factor, independent contractor, commission merchant, or other contracting party, shall give his personal attention and services to its performance is discussed in the case, supra.

While we are of the opinion that this case is near the line of demarcation between liability and non-liability under the Unemployment Compensation Act here under consideration, we have concluded that since the contributions imposed upon employers under the Act, for the benefit of their employees when they may become unemployed, have been held to constitute an excise tax, and that under the authorities cited in the other case hereinbefore referred to the statute must be construed so as to resolve any doubt as to its application in favor of the taxpayer and against the taxing power, we would not be justified in holding that a different conclusion should be reached in these two cases. Several of the stipulations mentioned as appearing in the contract now before us and as not being found in the contract under review in Texas Company v. Wheeless et al., supra, are discussed in the cases of Texas Company v. Jackson, 174 Miss. 737, 165 So. 546; Cook v. Wright, 177 Miss. 644, 171 So. 686; and Casement v. Brown, 148 U. S. 615, 13 S. Ct. 672, 37 L. Ed. 582, cited in the case of Texas Company v. Wheeless et al., supra; and the application of which cases to

those particular stipulations of this contract we deem it unnecessary to further discuss. It is sufficient to say that we are unable to hold that the two cases now being decided are fundamentally different in their essential particulars so as to render the decision in Texas Company v. Wheeless et al., supra, not to be controlling in the case at bar. The distributor is a capitalist and employer in each instance, instead of a hired man.

Reversed and remanded.

**Ethridge, J.** (dissenting.)

I am unable to agree that this case should be reversed, and I think that the contract, in material particulars, is different from that in the case of Texas Company v. Wheeless (Miss.), 187 So. 880, this day decided by the Court in banc. Both contracts are long and complicated, and it would unduly prolong the opinion to set out its terms in full. But I think that when we give effect to all that it is possible for the American Oil Company to do in the way of control, under the terms of the contract, that it amounts to its being the owner of the business in all of its essential particulars, and with power to control all of its details through the application of rights conferred on it in the contract; consequently, that the persons called distributees in the contract are, in fact, employes, although their compensation will depend upon the commission from which certain operating charges are deducted.

I am of the opinion that when this contract is construed so as to give it full effect, not only in the actual verbiage, but in the necessary implications from that verbiage, that the American Oil Company is subject to the charges sought to be imposed upon it in this suit.

It follows that I am of the opinion that the judgment should be affirmed.