STONE *v.* GENERAL BOX COMPANY.

Division B. June 11, 1951.

No. 38085 (53 So. (2d) 85)

J. H. Sumrall, John F. Frierson, W. A. Geisenberger and P. J. Griffin, for appellant.

L. A. Whittington, for appellees.

Hall, J.

Involved in this appeal are four separate suits brought against the Chairman of the State Tax Commission by manufacturers of lumber and veneer for the recovery of an alleged overcharge of severance taxes on logs bought by them for processing in their respective plants.

Chapter 192, Laws of 1946, levies a tax not upon manufacturers but upon each person engaged in the business of felling, cutting, severing and producing timber or buying, logging or selling the same for commercial purposes. The tax here involved as provided by said act is "For saw timber logs, cross-ties or veneer stock fifteen (15¢) cents per thousand feet, board measure." The purchaser of such severed timber is required by the act to deduct the amount of the tax levied by the act from any amount due the owner thereof and to report and pay the same to the tax commission.

Conceiving that a saw log, when manufactured into lumber or veneer, would produce in the manufactured state an average of approximately 20% more board feet than it will scale as a log, the tax commission arbitrarily took the total number of board feet as scaled from the logs at the several mills of appellees and added a flat 20% thereto so as to arrive at the estimated number of feet in board measure contained in the lumber manufactured from those logs, and levied and assessed against appellees an additional tax thereon, which was the equivalent of three cents per thousand feet on the logs purchased by them. Appellees paid this additional assessment under protest and filed suits to recover the 20% increase. The suits were consolidated for trial by agreement of the parties, and the lower court found in favor of appellees. The main question presented for decision is whether the statute levies the tax on the logs when severed from the soil or upon the manufactured product of those logs.

We approach a decision of this question bearing in mind the well established principle that ██ ██ statutes on taxation are to be construed liberally in favor of the taxpayer and strictly against the taxing power, and all doubts are to be resolved in favor of the taxpayer. Guided by this principle we can see no justification for this arbitrary action of the tax commission.

Section 1(a) of the aforesaid act specifically provides "The tax imposed by this act shall be measured by the quantity of timber, or timber products severed * * *". As above pointed out, the tax is 15¢ per thousand feet, board measure, for saw timber logs, cross-ties, and veneer stock, severed from the soil, and is not upon the products which may be manufactured therefrom. The tax here is on logs and not on the amount of lumber which may be produced therefrom. If the logs should be destroyed by fire or carried away by flood after having been purchased and placed on the mill yard, the tax is still due even though the log is never manufactured into lumber. In the case of Ladnier v. Ingram Day Lumber Co., 135 Miss. 632, 640-641, 100 So. 369, 370, the Court approved a definition of logs from 2 Bouv. Law Dict., Rawles 3d Rev. 2046, as meaning "The stems or trunks of trees cut into convenient lengths for the purpose of being afterwards manufactured into lumber of various kinds" and it further said: "A saw log is necessarily a log not only of convenient length for being manufactured into lumber, but one that is otherwise also suitable therefor. The term 'saw log timber,' therefore, * * * means such trees as can be cut into logs of convenient size for being sawed or manufactured into lumber."

In Butler v. McPherson, 95 Miss. 635, 638-639, 49 So. 257, the Court pointed out the difference between timber and the product which may be manufacturd therefrom. and said "When this timber was manufactured into railroad cross-ties, its use and nature changed. 'It was no longer timber. Its character as timber ceased when the labor of' those who felled the trees, and cut the trunks thereof into appropriate lengths 'ceased and the labor of the manufacturer commenced. When the article is once perfected for immediate use, it is only known by its appropriate name, and is no more timber than bread is flour, or flour wheat, or mutton sheep, or beef oxen.' U. S. v. Schuler, 27 Fed. Cas. 982 [No. 16234]." Under

this holding, the "saw timber logs" mentioned in the severance tax statute were no longer logs when converted into veneer or lumber. In Craddock Mfg. Co. v. Faison, 138 Va. 665, 123 S. E. 535, 536, 39 A. L. R. 1309, it is said: " 'Logs' refers to the section or sections of a tree which have been cut or sawed from the trunks after the same has been severed from the stump; while by 'lumber' is meant the manufactured product from the logs." It is perfectly clear that there is a vast difference between logs and lumber, and that as above stated the tax here involved is levied upon logs and not upon lumber or some other commodity which may be produced therefrom.

Appellant contends, however, that by the use of the term "board measure" in the statute the legislature manifested an intention that this should mean the measurement of the boards that may be produced from the logs. We do not so understand the meaning of the term. Board measure is a measurement in board feet. A board foot is 144 cubic inches of wood, regardless of whether it be in a tree or a log or lumber, and regardless of its shape. When applied to logs it has reference to the measurement of the log and is employed for the purpose of estimating the number of board feet of lumber which *may subsequently* be obtained from the log, but when applied to lumber it means the actual number of board feet which *have been* obtained from the sawing of the log. Craddock Mfg. Co. v. Faison, supra. Anyone familiar with simple arithmetic can easily calculate with exact accuracy the number of board feet in a piece of manufactured lumber, but the problem becomes difficult when it is necessary to determine by estimate the number of board feet in a log, and for that purpose numerous systems of log scaling have been devised. Appellant argues that we should apply the system known as International ¼ Inch Rule and upon the trial it placed in evidence a pamphlet issued by Central States Forest Experiment Station of Columbus, Ohio, showing a log rule com-

parison between that system and two other rules. That very pamphlet refutes appellant's contention that board measure applies only to manufactured stock, for it deals only with the contents of logs according to the three different log scales therein discussed and in nine different places it refers to the volume in logs as "board-foot" or "board-feet".

Section 5135, Code of 1942, relieves us of having to determine which system or rule should be employed in this state. It provides: "The table known as 'Scribner's Lumber and Log-book by Doyle's Rule,' is the standard rule of measurement by which saw-logs and square timber shall be measured. The use of any other rule of measurement is unlawful; and any person who shall use any other rule which gives a less number of feet in a given log, shall be guilty of a misdemeanor, and punished accordingly, and be liable to any person injured for triple damages." This was the rule by which appellees purchased its logs from the owners and the rule upon which it collected from the owners and paid the severance tax of fifteen cents per thousand feet, board measure. It would be contrary to the general principle first herein stated, and wholly unjust, to construe the taxing statute so as to require appellees, when buying logs according to the statutory rule, to collect from the vendors a severance tax according to some other rule; such a procedure would create untold confusion in the log market. It would be likewise unjust, when appellees have bought logs and collected the tax according to the statutory rule, to require them to pay out of their own pockets an additional tax created by the application of some other rule. Such an intention on the part of the legislature is clearly negatived by the terms of the act.

Appellant also contends that, since a portion of the severance tax, subsequent to collection by the tax commission, is paid back to the county from which the timber is severed, the counties from which the timber in question was cut are necessary parties to this suit. Ch.

262, Laws of 1946, in Section 6 which amends Section 10 of Ch. 119, Laws of 1934, as amended by Ch. 113, Laws of 1938, provides that any person aggrieved by an assessment of taxes by the tax commission may apply to the commission for a hearing and correction. This was done in these cases. It further provides that after such hearing ''Any person improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, in any proper action or suit *against the commissioner * * *''*. (Italics supplied). This statute authorizes a suit against the commissioner alone, which is the exact procedure followed in these cases. It was not contemplated or required that the plaintiff should sue every beneficiary which might ultimately participate in the distribution of the amount of the tax. The judgment of the lower court is accordingly affirmed.

Affirmed.