MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.* SCOTT

No. 42138        February 5, 1962        137 So. 2d 164

*Floyd P. Smith,* Jackson, for the appellant.

*Henley, Jones & Henley,* Jackson, for appellee.

McGEHEE, C. J.

The appellee Clyde C. Scott, hereinafter referred to as the Broker, has been licensed as a real estate broker for a number of years and maintains an office in the City of Jackson, Mississippi, for the purpose of conducting the business of a real estate broker. The appellee employs a receptionist in said office and is also associated with five real estate salesmen. The relationship between the Broker and the salesmen is controlled by an oral agreement, as set forth in the testimony of the witnesses in this cause, and under the terms of this agreement the rights and duties of the respective parties are, in substance, as follows: The appellee furnishes office facilities, including telephone service, furnishes secretarial help, and pays for the advertising. The salesmen pay their own expenses, such as transportation and for entertaining prospects for the purchase of the real estate listed with the office. These listings are obtained by the salesmen and they attempt to sell, lease or rent, as the case may be, any property listed with the office. The salesmen determine the manner and method of performing these services and the Broker has no right

to and does not exercise any control over the salesmen as to the method and manner of performing the details of their work. Commissions earned by the salesmen for their service in selling real estate are divided by a predetermined percentage between the salesman and the Broker. The salesman must in all cases make his own determination as to what is the better method of performing the service.

The salesman in using the office facilities furnished by the Broker follows a certain routine which enables the office to run efficiently. However, the salesman is not required to spend any particular portion of any day in the office, has no set hours for work, and is not required to work any particular area or with any particular prospect. It was understood between the parties to the agreement that the salesmen are independent contractors.

On December 3, 1958, the appellee Clyde C. Scott was registered by the Mississippi Employment Security Commission as an employer. This registration was made effective as of January 1, 1956, and on January 9, 1959, an assessment of contributions was made against the said Broker in the total amount of $1,084.49.

The registration of Clyde C. Scott as an employer and the assessment of contributions against him was apparently based upon a determination that the real estate salesmen with whom he is associated are employees. This determination was held to be erroneous by the Circuit Judge upon appeal of the case from the Commission to the Circuit Court, which held that the salesmen and the Broker were engaged in what amounts to a joint venture.

The Circuit Court reversed the order of the Mississippi Employment Security Commission and held that the salesmen were not employees as aforesaid.

It should be noted that in Section (i) (5) of the Mississippi Employment Security Law it is provided

that "the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant."

In Mozingo v. Miss. Employment Security Comm., 224 Miss. 375, 80 So. 2d 75, it was held that: "In determining the question as to whether under the facts of this case the assessment in question is to be upheld, it should be borne in mind that it is well established under the decisions of this Court that the contributions levied by the Commission constitute an excise tax and that the statute authorizing the levying of the same is to be construed liberally in favor of the taxpayer and strictly against the taxing power, and that all doubts are to be resolved in favor of the taxpayer. Stone v. General Box Company, et al, 212 Miss. 60, 53 So. 2d 85; American Oil Company v. Wheeless, 185 Miss. 521, 187 So. 889.

"The test as to who is a servant is stated by this Court in Texas Company v. Wheeless, 185 Miss. 799, 187 So. 880, as follows: 'The test as to who is a servant is stated to be whether the service is rendered by one whose physical conduct, time and activities in the performance of his duties are controlled, or are subject to the right of control, by the alleged master under the contract of employment or hire' ".

Again in Mississippi Employment Security Commission v. Heidelberg Hotel Company, 211 Miss. 104, 51 So. 2d 47, it was stated: "In brief, both legislative intent and analogous precedents on similar problems from other states necessitate a conclusion that the test for the employer-employee relationship under this act is obtained by an application of the principles of the common law of master and servant. Moreover, at common law the terms of a contract are only a part of the elements to be considered in determining whether an individual

is an employer. The true test incorporates a consideration of all of the facts and the economic realties.''

And in 29 A. L. R. 2d at page 772, it is said: ''In the majority of the later cases in which the question has arisen, real estate salesmen or brokers working on a commission basis have been held not to be within unemployment or social security acts.'' Citing cases from California, Kentucky, New York, Oklahoma, Tennessee and Washington.

We have therefore concluded that the judgment of the Circuit Court as appealed from, and which reversed the decision of the Mississippi Employment Security Commission, is correct and should be affirmed.

Affirmed.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.*, concur.